LINDA TIRELLI
COUNSEL FOR DEBTOR
202 MAMARONECK AVEUNE, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
PH(914) 946-0860

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS DIVISION**
------------------------------------------------------------------X
**IN THE MATTER OF**

**CYNTHIA CARSSOW FRANKLIN,**
          **DEBTOR**

      **CHAPTER 13**
      **CASE NO: 10-20010 (RDD )**

      **OBJECTION TO PROOF OF**
      **CLAIM  #1-1 and 1-2BY WELLS**
      **FARGO BANK, NA AND**
      **REQUEST FOR ACCOUNTING**
      **AND CONDITIONAL MOTION**
      **FOR DAMAGES AND FEES**

------------------------------------------------------------------X

**OBJECTION TO PROOF OF CLAIM #1-1 AS AMENDED CLAIM #1-2**
**FILED BY WELLS FARGO BANK, NA**
**AND**
**REQUEST FOR ACCOUNTING**
**AND**
**CONDITIONAL MOTION FOR DAMAGES AND FEES**

**COME NOW** the above-named debtor, Ms. Cynthia Carssow Franklin, by and through her attorney of record, Linda M. Tirelli, pursuant to Rule 3007 of the Rules of Bankruptcy Procedure and respectfully object to the Proof of Claim filed in this case by the above named creditor and in support hereof respectfully show unto the Court the following:

1. This case was commenced by the filing of a petition with the clerk of this court in the Manhattan division on June 1, 2010 and was subsequently transferred to the White Plains division on June 8, 2010.

2. The Chapter 13 Debtor, Ms. Cynthia Carssow Franklin, (hereinafter the "Debtor" or "Ms. Franklin") is a native of the State of Texas having relocated to the State of New York on

or about November 1, 2009, and is the owner of real estate located at 2523 Crenshaw Drive, Round Rock, TX 78664, her once primary residence[1](hereinafter the "property"). The debtor currently uses the property for rental income while she resides in New York.

3. The Debtor listed a debt and named "Wells Fargo Home Mortgage" as a creditor on Schedule D of her petition, **indicating the same as being disputed**. A copy of Debtor's Schedule "D" is attached hereto as **Exhibit "A."**

4. On or about July 15, 2010, Wells Fargo Bank, NA filed a proof of claim identified as Claim # 1-1 on the court's ECF system followed by an amended proof of claim filed on September 23, 2010 which appears as Claim #1-2 on the Court's ECF system. A copy of the Proof of Claim #1-1 is attached hereto as **Exhibit "B"** and Amended Proof of Claim #1-2 is attached hereto as **Exhibit "C"**

5. The 341(a) meeting of creditors was held in White Plains, New York on September 17, 2010.

6. The Chapter 13 plan was amended and served on August 19, 2010 and a confirmation hearing is scheduled for October 4, 2010.

## I. FACTUAL ALLEGATIONS

7. Proof of Claim #1-1 (hereinafter "original proof of claim" or "Claim #1-1" ) and the Amended Proof of Claim #1-2 (hereinafter the "amended proof of claim" or "Claim #1-2") filed by Wells Fargo Bank, NA (hereinafter "Wells Fargo") are identical so far as the undersigned can tell with exception to the items described further herein below. Both the original claim #1-1

---

[1] The Debtor has relocated to New York for work related purposes , however, the Debtor intends to reestablish residency in the state of Texas and reclaim this property as her homestead .

and amended proof of claim #1-2 purport that the debtor owes Wells Fargo the total sum of

$170,072.60 on a secured claim, with a purported arrearage owing of $38,163.16.

Attached to both the original proof of claim #1-1 and amended proof of claim #1-2 are

the following documents:

| **PROOF OF CLAIM #1-1** | **AMENDED PROOF OF CLAIM #1-2** |
|---|---|
| Official form 10, dated July 15, 2010 and executed by "Michelle C. Marans, Esq."; | Official form 10, dated September 23, 2010 and executed by "Michelle C. Marans, Esq."; |
| A single page itemization, untitled, bearing loan number "****0958"; | SAME |
| A three (3) page document entitled "Note" bearing the date "October 30, 2000"[2] at page one, identifying the following:<br>1. Lender: "Mortgage Factory, Inc.";<br>2. Principal Sum Borrowed: "$145,850.00";<br>3. Interest Rate: "8.3750%"; and<br>4. Monthly Payment of Principal and Interest: "$1108.57";<br>5. Specifically endorsed at the bottom left of page 3 as follows:<br>"Payable to the Order of: <u>ABN AMRO Mortgage Group, Inc.</u> Without Recourse, Mortgage Factory, Inc." and is signed by "Renee N. Wells, Agent, Attorney In Fact"[3] | SAME *except that the following endorsement appears stamped on the Note attached to the amended proof of claim which was <u>not</u> on the Note attached to the original proof of claim:*<br><br>6. A second added endorsement at the bottom right of page 3 as follows: "PAY TO THE ORDER OF _____ WITHOUT RECOURSE A(ILLEGIBLE)MRO MORTGAGE GROUP, INC." and is signed "Margaret A. Bezy, Vice President"[4] |
| A sixteen (16) page document entitled "Deed of Trust" bearing the date "October 30, 2000"[5] at page one, and which identifies the roles of certain parties, reading in relevant part as follows:<br>1. "Borrower" Cynthia Carssow Franklin, a single person; | SAME |

---

[2] The date at page one, October 30, 2000, differs from the date of the borrower's notarized signature, November 2, 2000

[3] Renee M. Wells signed what appears to be an endorsement as a non-officer and without any documentation attached to indicate her authority to do so.

[4] Margaret A. Bezy signed what appears to be an endorsement in blank which was not on the face of the Note attached to the Proof of Claim #1-1 without any documentation attached to indicate when, how or if said endorsement was authorized and her authority to do so.

[5] The date at page one **October 30, 2000** differs from the date of the borrower's notarized signature, **November 2, 2000.**

| | |
|---|---|
| 2. "Lender" Mortgage Factory, Inc.<br>3. "Trustee" Malcolm D. Gibson<br><br>4. Page 16 of 16 of said "Deed of Trust" is a **notary's acknowledgement** signed by notary public Jonathan Dalmasi, bearing said notary's seal, verifying that the Debtor/Borrower Ms. Cynthia Carssow Franklin signed the loan documents in **New York County, New York State on <u>November 2, 2000</u>**. | |
| A four (4) page document entitled, "1-4 Family Rider" dated **October 30, 2000**; | SAME |
| A three (3) page document entitled, "Planned Unit Development Rider" dated **October 30, 2000**; | SAME |
| A single page document entitled "Loan Modification Transmittal Form", date redacted, identifying certain parties as follows:<br>1. "**Servicer**" Wells Fargo Bank, NA;<br>2. Date Prepared: [REDACTED]<br>3. "Seller/Servicer Number :164907";<br>4. Investor Loan Number : [REDACTED]<br>1. Loan Number: [REDACTED] | SAME |
| A two (2) page document entitled "Loan Modification Agreement" dated February 11, 2008 identifying certain parties and information as follows:<br>1. Loan Number [REDACTED];<br>2. "Borrower" Cynthia Carssow Franklin;<br>3. "**Lender**" Wells Fargo Bank, NA | SAME |
| A two (2) page letter dated February 18, 2008 from "Freddie Mac" of 8250 Jones Branch Drive, McLean, VA 22102-3110 to "Wells Fargo Bank, NA, Attn: Nancy Treantafellow, 3476 Stateview Blvd., Fort Mill, SC 29715" identifying certain information and parties as follows:<br>1. Freddie Mac Loan No.: [REDACTED];<br>2. Servicer Loan No.: [REDACTED]<br>3. Borrower(s) Name: Cynthia Franklin<br>Said letter indicates a loan modification would be considered subject to a list of conditions. | SAME |

| | |
|---|---|
| A two (2) page document entitled **"Assignment of Lien"** dated **October 30, 2000** which purports to transfer, assign, grant and conveys the described Note together with all liens, rights and interests dated **October 30, 2000** from Mortgage Factory, Inc. to ABN AMBRO Mortgage Group, Inc. as signed on behalf of Mortgage Factory, Inc., by "Renee M. Wells, Agent, Attorney in Fact" without any documentation to indicate her authority to do so. | SAME |
| A one page document entitled " Assignment of Lien" executed on **October 30, 2000** referencing a certain promissory note dated **October 30, 2000** executed by Cynthia Carssow Franklin, a single person, payable to the order of "Mortgage Factory Inc."and secured by Deed of Trust of even date therewith to Malcolm D. Gibson, Trustee" Said Assignment of Lien is executed by Renee Wells, Agent, Attorney In Fact and notarized by Jackie Glenn, Notary Public on **October 30, 2000** | SAME |
| A single page with what appears to be a recording stamp indicating a date of November 16, 2000 | SAME |
| A single page document **"Assignment of Deed of Trust"** dated June 20, 2002 and purports to be back dated to be effective November 16, 2001 identifying the following parties and information: <br><br> 1. Assignor: "ABN AMRO Mortgage Group, Inc."; <br> 2. Assignee: "Mortgage Electronic Registration Systems, Inc. as nominee for Washington Mutual Bank, FA."; <br> 3. Signed by "Sherry Doza, Vice President of ABN AMRO Mortgage Group, Inc." <br> 4. Pool: 0 ; <br> 5. Loan Number : [REDACTED]; <br> 6. Other Loan Number: [REDACTED]; <br> 7. Investor Number: [REDACTED] <br> 8. Instrument/Document No. [REDACTED] <br> 9. MIN Number: 100012453008109584 | SAME |

| | |
|---|---|
| 10. MERS Phone: 1-888-679-6377<br>11. Prepared By: SMI | |
| A single (1) page bearing a bar code and handwritten numeral "1" encircled; the significance of this document is unknown to the undersigned. | SAME |
| A *curious* two(2) page purported **post-petition document "Assignment of Mortgage" dated July 12, 2010** identifying the following parties and information:<br><br>1. Original Lender: Mortgage Factory, Inc.<br>2. Assignor: "Mortgage Electronic Registration Systems, Inc. as nominee for Washington Mutual Bank, FA, 3300 SW 34th Avenue Suite 101, Ocala, FL 34474";<br>3. Assignee: "Wells Fargo Bank, NA 3476 Stateview Blvd., Ft. Mill, SC 29715"<br><br>**4.** Signed by**: "John Kennerty, Assistant Secretary of Mortgage Electronic Registration Systems, Inc. as nominee for Washington Mutual Bank, FA";**<br><br>5. Notarized by: Carolyn M. Evans, Notary Public in York County, South Carolina.<br><br>Said Assignment purports to assign the following, "…a certain mortgage made by Cynthia Carssow Franklin, given to secure payment of the sum of One Hundred and forty five thousand eight hundred and fifty dollars ($145,850.00) and interest, **dated the 30th day of October, 2000,** recorded on the 16th day of November, 2000, in the office of the Clerk of the county of Williamson, in Instrument No. 2000076724"<br><br>" | SAME |

The purported last "Assignment of Mortgage" listed hereinabove, (hereinafter "Kennerty Assignment of Mortgage") is unrecorded. A copy of the "Kennerty Assignment of Mortgage" is attached here to as **Exhibit "D."**

## II. LEGAL ARGUMENT: WELLS FARGO BANK, NA FAILS TO SUBSTANTIATE PERFECTION OF SECURED INTEREST IN DEBTOR'S PROPERTY

8. The Debtor avers that the purported original loan documents ( ie Note and Deed of Trust) presented by the purported creditor indicate the closing occurred on **October 30, 2000**. However, the borrower / debtor, Ms. Cynthia Carssow Franklin did not sign either the Note or the Deed of Trust until **November 2, 2000** as per the notary acknowledgment offered by the purported creditor, Wells Fargo, Bank NA.

9. The Debtor avers that she was visiting in New York on October 30, 2000 and was instructed by her mortgage broker in Texas, to sign the Note and the Deed of Trust before a New York notary public and to then mail the documents back to Texas. The Notary seal on the certification page of the Deed of Trust is infact a notary's acknowledgement signed by Mr. Jonathan Dalmasi,Notary Public, verifying that the Debtor/Borrower Ms. Cynthia Carssow Franklin signed the loan documents in New York County, New York State on **November 2, 2000**. A copy of the Notary's Acknowledgement is attached hereto as **Exhibit "D"**

10. Attached to both the original proof of claim and the amended proof of claim is a one page document entitled " Assignment of Lien" executed on **October 30, 2000** referencing a certain promissory note dated **October 30, 2000** executed by Cynthia Carssow Franklin, a single person, payable to the order of "Mortgage Factory

Inc."and secured by Deed of Trust of even date therewith to Malcolm D. Gibson, Trustee" Said Assignment of Lien is executed by Renee Wells, Agent, Attorney In Fact and notarized by Jackie Glenn, Notary Public on **October 30, 2000.** A copy of said Assignment of Lien is attached hereto as **Exhibit "E."**

11. To the extent the purported creditor offers an assignment of lien notarized **October 30, 2000**, transferring the loan from the originator, Mortgage factory Inc. to ABN AMRO Mortgage Group, Inc. said transfer could not have occurred because no obligation or lien existed on **October 30, 2000**. Ms. Franklin's loan was not accepted by her (ie., not closed) and no debt or lien created as between the borrower and lender until **November 2, 2000.**

12. In the case of <u>Martin Junis Gulley, Jr., and Loreace Gulley v. Countrywide Home Loans, Inc.</u> Adv. Proc. No. 08-03467  Ch 13 Case #07-33271-SGJ-13 US Bankr. Court, Northern District of Texas, Dallas Division ( copy attached)  a similar situation occurred where a debtor did not sign to consent to a home equity line of credit until one day after the closing of the loan, the Texas Bankruptcy court  held that the irregularity was enough to void the entire lien.

> *"The notary purports to acknowledge that the Security Agreement was signed by Mrs. Gulley on March 24, 2004, a day after the purported creation of the lien. This irregularity with the notary acknowledgement is critical where there is credible evidence Mrs. Gulley did not sign the security agreement.  In summary on the date of the closing, there was not a notary acknowledgement for Mrs. Gulley's purported signature on the Security Agreement that was entitled to pima facie validity...In summation, the court believes that Plaintiffs have shown that ...there was no valid notary acknowledgement as of the date of closing...Thus, there is no credible evidence that Mrs. Gulley, an owner, voluntarily consented to a lien on her homestead as of the date...of the alleged creation of the lien. Countrywide's lien, thus must ultimately fail."* **Gulley** at 21-22

**13.** As Countrywide's lien failed for want of proper notary acknowledgment as of the date of closing, in the <u>Gulley</u> case, so too must any lien asserted by the creditor in the instant case must fail for want of proper notary acknowledgment as of the date of closing. Thusly, Wells Fargo has failed to provide any documentation reflecting a valid security interest in Debtor's property. The post-petition attempt to cure the deficiencies have been without authority, in violation of law and a fraud upon this Court.

### III. LEGAL ARGUMENT: LACK OF REQUIRED DOCUMENTATION AND FRAUD ON THE COURT

**14.** The Debtor avers that both the original proof of claim # 1-1 and the amended proof of claim #1-2  are signed by a "Michele C. Marans, Esq." an associate employed by the law firm of Steven J. Baum, PC, without providing any supporting documentation to suggest her authorization to do so or to indicate how or why she would possess personal knowledge of the matters asserted in the creditor's claim. To the extent Attorney Marans could possibly claim personal knowledge of the purported facts and documents supporting the purported proof of claim and authority to execute a claim on behalf of the creditor, Attorney Marans is an essential witness to the allegations therein. The Debto reserves her right to request an examination of Ms. Marans pursuant to FRBP 2004.

**15.** The Debtor avers that the purported "Kennerty Assignment of Mortgage" annexed to Wells Fargo's proof of claim is signed by "John Kennerty" on post-petition date of

July 12, 2010, without any supporting documentation to substantiate his/her

authorization to do so. (See "Kennerty Assignment" **Exhibit E-1**)

16. The Debtor further avers that the assignment presented in this case is of fraudulent

nature and of questionable origin.  Specifically, "John Kennerty" is not an appropriate

party to sign and/or authorize such assignments on behalf of "Mortgage Electronic

Registration Systems, Inc. as nominee for Washington Mutual Bank, FA"  The

Debtor calls the Court's attention to fact that the purported assignment seeks to

transfer an asset of an entity,  "Washington Mutual Bank, FA"   According to the

FDIC website Washington Mutual Bank is an inactive institution since September

2008.  A copy of the screen shot from the FDIC website is attached here to as **Exhibit**

**"F"** and can be viewed online at http://www2.fdic.gov/idasp/main.asp

17. From the web page described in #10 above, the undersigned clicked the *"Generate*

*History"* option for additional information about the inactive institution.  According

to the FDIC public records, it is clear that "Washington Mutual Bank FA" changed its

name on **April 4, 2005** to "Washington Mutual Bank."   A copy of the FDIC history

of Washington Mutual Bank  is attached hereto as **Exhibit "G."** Clearly had Mr.

Kinnerty been an actual person with authority to assign an asset of Washington

Mutual, one would think he would get the name correct.

18. Washington Mutual Bank and its subsidiary are also included on the list of failed

banks maintained by the FDIC which indicates that  Washington Mutual Bank closed

as of September 25, 2008.  A copy of the FDIC list of failed banks is attached hereto

as **<u>Exhibit "H"</u>** and can be viewed on the FDIC public website at the following web page: http://www.fdic.gov/bank/individual/failed/banklist.html

19. The FDIC published information regarding the closing of the failed Washington Mutual Bank for public access. A copy of the screenshot regarding the information about the failed bank is attached hereto as **<u>Exhibit "I"</u>** and can be viewed at the following web address: http://www.fdic.gov/bank/individual/failed/wamu.html

20. The FDIC further provides contact information for consumers and vendors of the failed bank. The contact information does not include "Mortgage Electronic Registration Systems" or Mr. Kinnerty. A copy of the FDIC contact information for the failed bank is attached hereto as **<u>Exhibit "J"</u>** and can be viewed online at the following web address: http://www2.fdic.gov/drrip/cs/DETAIL.asp

21. The Debtor avers that Washington Mutual Bank was taken over by the FDIC in September 2008 and has since closed operations and no longer functions or exists as an active institution. What authority did the FDIC or Washington Mutual Bank's successor in interest give for this purported assignment of an asset of the defunct bank remains a mystery and is not disclosed in the proof of claim as submitted.

22. The purported Kennerty Assignment of Mortgage is notarized in the state of South Carolina, yet purported assignor indicates an address in Ocala, Florida. To the extent assignor flew to South Carolina to appear before a notary defies all logic. It is no

coincidence that Wells Fargo, the purported Assignee indicates an address in South Carolina.

23. The Court should further know that Mr. Kennerty has also signed numerous documents recorded on land records and in at least SEVEN (7) other State and Federal court cases throughout the United States.  In each document including that in the instant case, Mr. Kennerty's signature appears identical yet his title changed with each document as follows:

| Case / Record | Document Type and Date | Title Used by Mr. Kennerty as Signer | State |
|---|---|---|---|
| Wells Fargo Bank, NA v. Juan Vasquez Alvarenga, et al Supreme Court Suffolk County New York, Index #39286/09 | "Affidavit of Merit and Amount Due in Support of Application for an Order of Reference and Compliance with CPLR 3408" **February 14, 2010** | Vice President of Loan Documentation, **Wells Fargo Bank, NA** | New York |
| In re Cynthia Carssow Franklin, Ch13 Debtor SDNY case # 10-20010(rdd) POC #1-1 AND POC#1-2 | Assignment of Mortgage **July 12, 2010** | Asst. Secretary of Mortgage Electronic Registration Systems, Inc. as **Nominee for Washington Mutual Bank, FA** | New York |
| In re Carlos Mota, Ch 13 Debtor SDNY Case #10-13989 POC #3-1 | Assignment of Mortgage **August 13, 2010** | Asst. Secretary of Mortgage Electronic Registration Systems, Inc. as **Nominee for MLD Mortgage, Inc.** | New York |
| Wells Fargo Bank, NA vs.  Ingraham et al | Assignment of Mortgage **September 7, 2010** | Asst. Secretary of Mortgage Electronic Registration Systems, Inc. as **Nominee for AM Trust Bank** | New York |
| HSBC Bank USA, National Association, As Trustee for Luminent Mortgage Trust 2007-2 vs. Michael J. Greto, et al Circuit Court of the Nineteenth Judicial | Affidavit as to Lost or Misplaced Original Note **October 13, 2009** | VP of Loan Documentation of **America's Servicing Company** | Florida |

| | | | |
|---|---|---|---|
| Circuit Indian River County, FL Case # 31-2009-CA-011437 | | | |
| Wells Fargo Bank, NA vs. Chad Yoder et al  Circuit Court of the Eighteenth Judicial Circuit Brevard County, FL Case #05-2010-CA-010712 | Affidavit As to Amounts Due and Owing  **April 1, 2010** | VP Loan Documentation **Wells Fargo Bank NA as Successor By Merger to Wells Fargo Home Mortgage, Inc.** | Florida |
| Wells Fargo Bank, NA vs. Glenn Carlo Holcomb, et al | Affidavit As to Amounts Due and Owing  **October 13, 2009** | VP Loan Documentation **Wells Fargo Bank NA as Successor By Merger to Wells Fargo Home Mortgage, Inc.** | Florida |
| Land Records | Affidavit in support of Massachusetts Foreclosure Deed By Corporation  **December 15, 2009** | VP Loan Documentation/ **Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FF11 by Attorney In Fact Wells Fargo Bank, NA** | Massachusetts |
| Land Records | Power of Attorney  **October 12, 2009** | VP Loan Documentation/ **Attorney In Fact Wells Fargo Bank, NA** | Massachusetts |
| In re Nguyen Chapter 13 Case # 10-44323 Western District of Washington POC # 4-1 | Allonge Endorsement to [blank]  **Undated** | VP Loan Documentation/ **Wells Fargo Bank, NA** | Washington |

The collection of ten (10) documents signed by Mr. Kennerty is further summarized in the table prepared by the undersigned attached hereto as **Exhibit "K"** together with copies of all of said documents.

24. To the extent that Mr. Kennerty by any name is a Vice President of Loan Documentation at Wells Fargo Bank, NA, as stated under oath in several of the

aforementioned documents signed by him, the debtor avers that Mr. Kennerty would

have a serious conflict of interest acting as an officer of both the Assignor and the

Assignee in the instant case. The Debtor avers that the more likely scenario is that

Mr. Kennerty is not who he/she purports to be in the Assignment of Mortgage and

that Mr. Kennerty lacks any personal knowledge and any authority to actually transfer

the asset of any entity in the instant case.

25. The Debtor hereby avers that the Assignment of Mortgage presented by Wells Fargo

Bank, NA in the case at bar to be a fraudulent document fabricated and presented

under oath subject to penalty of perjury with the intention and purpose of misleading

the Court, the Debtor, the Chapter 13 Trustee and all parties affiliated with Ms.

Franklin's Chapter 13 Bankruptcy case.

26. On July 26, 2010 the Debtor served two (2) letters on Wells Fargo, specifically a

Qualified Written Request pursuant to RESPA and a Borrowers Written Request

pursuant to TILA. A copy of said letters are attached hereto as **Exhibits "L" and**

**" M"**, respectively.

27. In a letter dated August 18, 2010 signed by an "unnamed party" as "Written

Customer Contact" on Wells Fargo Home Mortgage letterhead, responds to the

Debtor's written requests in part as follows:

**"The investor of the loan is Freddie Mac. However, all inquiries and concerns should be directed to us as we have been contracted to service the loan on behalf of the investor."**

A copy of the Wells Fargo letter of August 18, 2010 os attached hereto as **Exhibit "N".**
The undersigned further verified Freddie Mac as the owner of Ms Franklin's loan using
the online look up tool at www.FreddieMac.com. A copy of the email verification
received from Freddie Mac is attached hereto as **Exhibit "O"**.

28. The court may take judicial notice that there is no mention of Freddie Mac on the Official Form 10 cover page of either the original proof of claim #1-1 or the amended proof of claim #1-2.

29. That no where does the proof of claim or amended proof of claim establish any chain of transfer of either the Note or the Deed of Trust to Freddie Mac.

30. That Wells Fargo does not represent itself to the court to be a servicer acting on behalf of a secured creditor and instead is holding itself out to be the real party in interest.

31. That Wells Fargo did not provide a copy of the contract referenced in the letter dated August 18, 2010 attached to its proof of claim #1-1 and amended proof of claim #1-2.

32. That Wells Fargo sloppily attempts to portray itself as the real party in interest when in fact it is at best a servicer and has failed to provide verification of its status and relationship, if any , to this case.

33. The Court should know that the signer, John Kennerty, provided sworn testimony by way of deposition in the case of <u>Lydia Geline vs. Northwest Trustee Services, Inc., Wells Fargo Bank, NA et al</u> case #09-2-46576-2 (SEA) on May 20, 2010 (hereinafter the "Kennerty Deposition").  A copy of the transcript of the  Kennerty Deposition is

attached hereto as **<u>Exhibit "P"</u>** .   Mr. Kennerty testified, in relevant part, as follows:

:

> A-*"With Wells Fargo, I am a loan administration manager managing our default document group"*
> Q-*"Why don't you tell me what your job duties are of that." (sic.)*
> A-*"There's three main areas within the default doc group. The first one is the ordering and obtaining of the collateral documents for loans. The assignment team, the execution of assignments, as well as the executable team which is the executing of other foreclosure related documents." (Trans. Pgs. 6-7)*
>
> Q- *"Are you also vice president?"*
> A-*"Of Loan Documentation"…*
> Q- *"Have you had the vice president title since you became employed there?"*
> A-*"Shortly thereafter."*
> Q- *"So the official title is Vice President of Loan Administration?"*
> A-*"No."*
> Q-*"Im sorry. Can you-"*
> A-*"Vice President of Loan Documentation." (Trans. Pgs. 7-8)*
>
> Q-*"How often do you actually sign documents?"*
> A-*"Daily"*
> Q-*"Can you tell me about how many documents you sign a day?"*
> A-*"Anywhere from 50 to 150." (Trans. Pgs. 8-9)*

This court is not immune to the climate of the times and coined term of art, "Robo-Signer."  To the extent Mr. Kennerty executes anywhere from 50-150 documents per day, between 250 – 750 per week, which amounts to 13,000 -39,000 per year, the Debtor avers that Mr. Kennerty is a "robo-signer" ie., an individual paid to sign documents such as the assignment of mortgage in the instant case, without regard or knowledge of the truth of the information contained in such documents.

34.    Furthermore, to the extent Mr. Kennerty is an employee of the Assignee, namely Wells

Fargo Bank,NA  it would be a conflict of interest for Mr. Kennerty to simultaneously

represent the Assignor, namely Washington Mutual Bank FA, a nonexistent entity as

aforesaid and be employed by the Assignee, Wells Fargo Bank, NA.  Clearly this is a

manufactured document intended to defraud the Court, the Chapter 13 Trustee, the United

States Trustee, the Debtor and all other parties effected by the instant bankruptcy case.

### IV.     LEGAL ARGUMENT: ASSIGNMENT OF MORTGAGE IS VOIDABLE TRANSFER PURSUANT TO BANKRUPTCY CODE §549(s)(1)(B)

35. Section 549 of the U. S. Bankruptcy Code pertains to such transfers as described

hereinabove and reads as follows:

"(a) Except as provided in subsection  (b) and (c) of this section, the trustee may

void a transfer of property of the estate……

(1)That occurs after the commencement of the case; and …

____ (B) that is not authorized under this title or by the court."


36.  The assignment of mortgage attached to the Proof of Claim #1-1, is dated July 12, 2010,

well after the date of the commencement of this chapter 13 bankruptcy proceeding on

June 1, 2010.


37.  The assignment of mortgage is an attempt to perfect a lien after the commencement of

the case and therefore is voidable by this Court.

38. The debtor avers that there can be no reason for the assignment of the mortgage to Wells Fargo other than to perfect or attempt to perfect a claim in the residential real estate or to transfer property of the bankruptcy estate.

## V.  LEGAL ARGUMENT: THE ASSIGNMENT OF MORTGAGE IS A VIOLATION OF BANKRUPTCY CODE SECTION 362 (a)(4)

39. Section 362(a)(4) of the United States Bankruptcy Code reads as follows:

"(a)…..a petition filed under section 301, 302, and 303 of this title, ….operates as a stay, applicable to all entities, of…

(4) any act to create, perfect, or enforce any liens against property of the estate;"

40. The assignment of mortgage is an attempt to create, perfect or enforce a lien against property of the estate in violation of §362(a)(4) of the U. S. Bankruptcy Code.

41. There can be no reason for the "assignment" of the mortgage to Wells Fargo other than to perfect or attempt to perfect a claim in the residential real estate or to transfer property of the bankruptcy estate.

## VI.  LEGAL ARGUMENT: THE ASSIGNMENT OF MORTGAGE IS A VIOLATION OF BANKRUPTCY CODE SECTION 362 (a)(5)

42. Section 362(a)(5) of the United States Bankruptcy Code reads as follows:

"(a)…..a petition filed under section 301, 302, and 303 of this title, ….operates as a stay, applicable to all entities, of…

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that lien secures a claim that arose before the commencement of the case under this title;"

43. The assignment of mortgage is an attempt to create, perfect or enforce a lien against property of the Debtor, based upon an alleged claim that arose before the commencement of this case and is therefore in violation of §362(a)(5) of the U.S. Bankruptcy Code.

44. There can be no reason for the "assignment" of the mortgage to Wells Fargo other than to create, perfect or enforce a lien against property of the Debtor which arose prior to the commencement of the instant bankruptcy case.

## VII.    LEGAL ARGUMENT: WELLS FARGO BANK, NA LACKS STANDING TO FILE PROOF OF CLAIM

45. The Kennerty Assignment annexed to proof of claim #1-1 and 1-2 sets forth "MERS, as nominee for Washington Mutual Bank, FA., Assignor" to "Wells Fargo Bank, NA, Assignee."

46. According to the information provided by Wells Fargo Bank, NA in the documents attached to both the original and the amended proof of claim, the debtors loan is not owned by Wells Fargo Bank, NA but rather by Freddie Mac, currently a government entity.  As per the information provided on the Freddie Mac public website, the online loan look-up tool at the federal government does in fact own this loan.  the MERS phone number indicated on the face of the

47. Wels Fargo Bank, NA in the instant case is, at best, is mortgage loan servicer. It neither asserts a beneficial interest in the note, nor could enforce the note in its own right.

48. A federal Court cannot have jurisdiction unless a party has constitutional standing.

49. Bankruptcy Code §501(a) allows a "creditor" to file a proof of claim. A claim is allowed unless it is objected to pursuant to Bankruptcy Code §502(a).

**50.** Wells Fargo Bank, NA, is at best a servicer, acting as an agent for a principle. The only identified lender on the Note is Mortgage Factory, Inc.

**51.** The proof of claim fails to give any indication as to a negotiation of the Note to a new owner. The specific endorsement on the Note followed by an endorsement in blank leaves the court and the debtor to guess when any negotiation of the note occurred.

**52.** Wells Fargo Bank, NA, if a servicer is not a creditor and has failed to provide any evidence that it currently holds Debtor's note or any evidence of its own authority.

**53.** Wells Fargo Bank, NA is therefore, not a creditor nor a real party in interest and has no standing to file proof of claim.

## VIII. WELLS FARGO BANK, NA LACKS STANDING AS PER APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE AND BANKRUPTCY PROCEDURE

54  In the bankruptcy courts, procedure is governed by the Federal Rules of Bankruptcy and Civil Procedure. Procedure has an undeniable impact on the issue of "who" can assert a claim as a holder, because pleading *and* standing issues which arise in the context of our federal court system. According F.R.Civ. Pro. 17, *"[a]n action must be prosecuted in the name of the **real party in interest**."* (emphasis added)

55  An Objection to Proof of claim, is a contested matter, governed by F. R. Bankr. P. 9014, which makes F.R. Bankr. Pro. 7017 applicable to such motions. F.R. Bankr. P. 7017 is, of course, a restatement of F. R. Civ. P. 17.

56  The Debtor avers that the *real party in interest* in a federal action to enforce a note, whether in bankruptcy court or federal district court, is the *owner* of a note. Because the actual name of the actual note holder is not stated, CitiMortgage's very claim is defective.

57  In the case of Deutsche Bank Nat'l Trust Co. v. Steele, 2008 WL 111227 (S.D. Ohio) January 8, 2008, the Honorable Judge Abel found that Deutsche Bank had filed evidence in support of its motion for default judgment indicating that MERS was the mortgage holder. There was not sufficient evidence to support the claim that Deutsche Bank was the owner and holder of the note as of that date. In following In re Foreclosure Cases, 2007 WL 456586, the Court held that summary judgment would be denied "until such time as Deutsche Bank [the movant] was able to offer evidence showing, by a

preponderance of evidence, that it owned the note and mortgage when the complaint was filed." 2008 WL 111227 at 2. Deutsche Bank was given twenty-one days to comply. Id.

58  In a very recent decision on March 10, 2009, the Honorable Philip H. Brandt, US Bankruptcy Judge for the Western District of Washington cited the matter of In Re Jacobson , 19 CBN 522 (Bankr. W.D. Wash. 2009) and denied a motion filed by a servicing agent for lack of standing because it was not brought in the name of the party who had the right to enforce a deed of trust and did not establish that the movant was authorized to act on behalf of the party who had such right.

59  In the case at bar, the claimant, Wells Fargo Bank, NA, by its own admissions in its Proof of claim #1-1 and amended proof of claim #1-2 establishes only that it is neither the holder nor the owner of the note. Wells Fargo neither asserts that it has a beneficial interest in the specifically endorsed Note affixed to Proof of Claim #1-1 and further offered no explanation for the "convenient" new endorsement appearing on the note affixed to the amended proof f claim #1-2.  Inso far as Wells Fargo Bank, NA is a mere servicer, it cannot enforce the note in its own right in that according to the information in the attached documents and the information available through Freddie Mac, the note is owned by Freddie Mac not Wells Fargo Bank, NA.

## IX.  WELLS FARGO BANK, NA LACKS CONSTITUTIONAL STANDING TO FILE THE INSTANT CLAIM SEEKING RELIEF IN A FEDERAL COURT

60.  The United States Constitution Article III §2 specifically limits the jurisdiction of the federal courts to "Cases or Controversies." Justice Powell delivered the Opinion of the Supreme

Court in the case of Warth v. Seldin addressing the question of standing in a federal court as follows:

> "In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of the particular issues. This query involves both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise. In its constitutional dimension, standing imports judiciability: whether the plaintiff has made out a "case or controversy" between himself and the defendant within the meaning of Art.III. This is the threshold question in every federal case, determining the power of the court to entertain the suit. As an aspect of judiciability, the standing question is whether the plaintiff has "alleged such a personal stake in the outcome of the controversy" as to warrant *his* invocation of federal –court jurisdiction and to justify exercise of the court's remedial powers on his behalf. Baker v. Carr 369 U.S.186,204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663(1962). The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party…A Federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered "some threat or actual injury resulting from the putatively illegal action…" Linda R.S. v. Richard D., 410 U.S. 614, 617, 93 S.Ct. 1146,1148, 35 L.Ed.2d 536 (1973)." Warth v. Seldin 422U.S.490, 498 (1975)

> "Apart from this minimum constitutional mandate, this Court has recognized other limits on the class of persons who may invoke the courts' decisional and remedial powers. … even when the plaintiff has alleged injury sufficient to meet the "case or controversy" requirement, this Court has held that the **plaintiff generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties**. E.g., Tilestion v. Ullman, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603 (1943)." Warth v. Seldin 422U.S.490, 499 (1975) (**emphasis added**)

61.     The Debtor in the instant case reiterates that a party seeking to file a claim in any Federal Court "bears the burden of demonstrating standing and must plead its components with specificity." *Coyne v American Tobacco Company, 183 F.3d 488, 494 (6th Cir. 1999)*. Again, the minimum constitutional requirements for standing are: proof of injury in fact, causation, and redressability. *Valley Forge Christian College v Americans United for Separation of Church & State, Inc., 454 U.S. 464, 473 (1982)*. Furthermore, in order to satisfy the requirements of Article III of the United States Constitution, any claimant asserting rights in a Federal Court must show he has personally suffered some actual injury as a result of the conduct of the adverse party. *Coyne, 183 F.3d at 494; Valley Forge, 454 U.S. at 472*.

62.     Wells Fargo by its own admission is only a servicer and while a servicer may be able to bring a claim on behalf of its principle, it must disclose this information to the court and set forth a valid claim of its principle.

63.     As set forth hereinabove, the Clamant can make no assertions as to its own interest in the outcome of the instant claim it is making, nor does Movant make any mention of any perceived injury to itself. Instead, Movant presumably seeks to redress an alleged wrong to what is presumed to be a third party or parties, (ie, the holder and owner of the Debtor's Note and Mortgage) and thus the Movant in the case at bar lacks standing in a federal court. Movant cannot bring this claim without properly either identifying direct injury or threat of injury to itself or by joining a real party in interest.

64.     A party filing a proof of claim must demonstrate that it has standing to do so. The minimum constitutional requirements for standing in a federal court are: proof of injury in fact, causation and redressability. Valley Forge Christian College vs. Americans United for Separation of Church & State, Inc. 454 U.S. 464, 472 (1982). In its Motion for Termination of Automatic Stay, JP Morgan Chase refers to itself as a "secured creditor." (see first paragraph in both Movant's pleadings "Application" and "Supplemental Affirmation in Further Support of Motion for Temination of the Automatic Stay") However, the Movant has not shown that it has any stake in the ownership of the Note and Deed of Trust as either a holder or owner. Any attempt to indicate itself as an owner of the loan has been by way of fraudulent and misleading documents.

65.     It is well anticipated that Wells Fargo will respond to this objection by asserting that the assignment, regardless of validity, is unnecessary. This phenomenon of submitting written

assignments and then arguing they are of no consequence or otherwise "unnecessary," is not unique to the documents submitted in this Federal Court . In a February 2009 decision Wells Fargo Bank, N.A., as Trustee for First Franklin Mortgage Loan Trust 2006-FF15, Mortgage Pass Through Certificates, Series 2006-FF15 v. Sem M. Sait Aubin, et al 2009 NY Slip Op 50197(U) (copy attached) NY Supreme Court Judge Arthur Schack was concerned for the authenticity and motivation behind certain assignments in deciding a motion for summary judgment in a foreclosure action. J. Schack denied plaintiff's motion expressing the court's reservations as to a series of two questionable assignments , "…the Court requires an explanation from an officer of plaintiff Wells Fargo explaining why, in the midst of our national subprime mortgage financial crisis, plaintiff Wells Fargo purchased from MERS, as nominee for First Franklin, a nonperforming loan." And further  noted that the motion was denied without predjudice provided the moving party, but 60 days to provide documentation which in part would , "(2) an affidavit from an officer of plaintiff, WELLS FARGO BANK, N.A. AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF15, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FF15, explaining why plaintiff took the September 10, 2007 assignment of the instant nonperforming loan, 102 days in arrears, from MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC., as nominee for FIRST FRANKLIN, A DIVISION OF NATIONAL CITY BANK; Wells Fargo v. Sait Aubin p. 6

J. Arthur Schack when presented with written assignments of questionable nature in foreclosure actions has routinely not permitted the Plaintiff to switch gears after submitting such writings to later claim that no writing is required. In fact , Judge Schack has taken the position that once a writing is submitted, the court will require a thorough and complete verification of its authenticity. Judge Schack has repeatedly denied plaintiffs motions in foreclosure actions

requiring additional verification pertaining to the authenticity of submitted assignments. WELLS FARGO BANK, N.A., as Trustee for FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF15, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FF15 v. SEM M. SAINT AUBIN, ET. AL. 37401/07 Supreme Court of the State of New York, Kings County, Decided February 10, 2009. ; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee Under Pooling and Servicing Agreement Dated as of April 1, 2007 Securities Asset Backed Receivables, LLC Trust 2007-BR2 Mortgage Pass-through Certificates, Series 2007-br2 v. LINDA BAILEY, ET. AL. 2009 NY Slip Op 50191(U) 3747/08 Supreme Court of the State of New York, Kings County Decided February 9, 2009.; INDYMAC BANK, FSB v. RANDOLPH BETHLEY; SONIA BADILLO ROSADO, ET. AL. 2009 NY Slip Op 50186(U) 9615/08 Supreme Court of the State of New York, Kings County Decided February 6, 2009.

66.     The debtor further objects to the falsified document Wells Fargo purports to be an assignment submitted to this court in support of its Proof of Claim are void under 11 U.S.C. §362. In fact, the so-called assignment has done little except to create a cloud on the public record of this court proceeding by creating a discrepancy as to the chain of assignment of the mortgage.

67.     As one Court described the bank's burden to show standing: "If the claimant is the original lender, the claimant can meet its burden by introducing evidence as to the original loan. If the claimant acquired the note and mortgage from the original lender or from another party who acquired it from the original lender, the claimant can meet its burden through evidence that traces the loan from the original lender to the claimant. A claimant who is the servicer must, in addition to establishing the rights of the holder, identify itself as an authorized agent for

the holder." Maisel, 378 B.R. at 22 (quoting In re Parrish, 326 B.R. 708, 720 (Bankr. N.D. Ohio 2005)).

68.     Here, Wells Fargo (possibly as Servicer)  has not demonstrated its standing to file a claim.
The documents presented shows that Wells Fargo may be as Servicer is not the holder of the note and Deed of Trust.   Accordingly, the Debtor's Objection should be sustained and relief granted.

## X. LEGAL ARGUMENT: THE ASSIGNMENT OF MORTGAGE , IF AUTHENTIC, GIVES RISE TO VIOLATION 15 U.S.C. 1641 (F) AND STATUTORY DAMAGES PURSUANT TO 15 U.S.C. 1640(A)

69. Recent amendments to Section 404 of Public Law 111-22 reads in relevant part as follows:

**SEC. 404. NOTIFICATION OF SALE OR TRANSFER OF MORTGAGE LOANS.**

(a) IN GENERAL.—Section 131 of the Truth in Lending Act
(15 U.S.C. 1641) is amended by adding at the end the following:

''(g) NOTICE OF NEW CREDITOR.—
''(1) IN GENERAL.—In addition to other disclosures required by this title, **not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer**,

 ''(A) the identity, address, telephone number of the
new creditor;

''(B) the date of transfer;

''(C) how to reach an agent or party having authority
to act on behalf of the new creditor;

''(D) the location of the place where transfer of ownership
of the debt is recorded; and

''(E) any other relevant information regarding the new creditor.

''(2) DEFINITION.—As used in this subsection, the term 'mortgage loan' means any consumer credit transaction that is secured by the principal dwelling of a consumer.''.

    **(b) PRIVATE RIGHT OF ACTION.—Section 130(a) of the Truth in Lending Act (15 U.S.C. 1640(a)) is amended by inserting ''subsection (f) or (g) of section 131,'' after ''section 125,''. (Emphasis Added**)

70. 15 U.S.C. 1640(a) Civil Liabilities provides for damages to the debtor as follows:

    (a) **Individual or class action for damages; amount of award; factors determining amount of award**

Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

        (1) any actual damage sustained by such person as a result of the failure;

        (2)

        (A) …

            (iii) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $400 or greater than $4,000…"

71. 15 U.S.C. 1640(a)(B)(3) further provides for additional damages including the costs of the action and reasonable attorneys fees, as determined by the Court.

72. The Assignment affixed to the Proof of Claim offered by Wells Fargo Bank, NA  is dated July 12, 2010.  The Debtor requests the Court to take judicial notice that the date of this instant pleading is well past the 30 days required for notice under §131 of the Truth in Lending Act.

73. As of the date of this pleading, the Debtor has not received notice of the purported July 12, 2010 assignment of her mortgage to Wells Fargo Bank, NA, despite Wells Fargo

Bank, NA's statutory obligation to provide such to the debtor. The Debtors aver that the fact this obligation was not met by Wells Fargo Bank, NA in the face of statutory damages, further evidences the likelihood that the Assignment of Mortgage is a false document and does not effectuate an actual valid assignment.

74. To the extent the purported Assignment of Mortgage in the instant case is deemed a valid assignment and Wells Fargo Bank, NA is determined to be the new assignee, the Debtor hereby exercises her right to seek statutory damages, costs and an award of legal fees from Wells Fargo Bank, NA.

## XI. LEGAL ARGUMENT: THE PROOF OF CLAIM FAILS TO SUBSTANTIATE ITEMIZATION OF THE CLAIM

73. That the Proof of Claim includes a single page itemization un-titled, bearing loan number "****0958" The itemization omits to identify many pertinent dates and unit amounts to explain the calculations and is therefore deficient.

TOTAL AMOUNT OF DEBT:

| | |
|---|---|
| Principal Balance | $141,526.50 |
| Accrued Interest        Interest at 8.375% | 17,755.38 |
| Accrued Late Charges | 719.70 |
| Foreclosure Attorney Fees | 2565.00 |
| Foreclosure Attorney Costs | 1279.76 |
| Escrow Advance | 6001.26 |
| Property Inspections | 165.00 |
| NSF Fee | <u>60.00</u> |
| Total: | 170,072.60 |

PRE-PETITION ARREARS

| | |
|---|---|
| 19 PAYMENTS AT $1754.00 | 33,326.00 |
| (December 01,2008-June 01, 2010) | |
| Accrued Late Charges | 719.70 |
| Foreclosure Attorney Fees | 2565.00 |
| Foreclosure Attorney Costs | 1279.76 |
| Escrow Shortage | 47.70 |
| Property Inspections | 165.00 |
| NSF Fee | <u>60.00</u> |

TOTAL                           $38,163.16

74. To the extent the mortgage loan documents indicate there is a grace period of 15 days before any late charge is accessed, there is no documentation as to reason or triggering event for the late charge indicated the calculation if the late charge showing in the proof of claim.

75. To the extent the agreed upon monthly payments as per the terms of the Note are $1,108.57 and the payments indicated by the creditor are $1754.00 there is no documentation or explanation as to the difference in the amount or how the payment is to be applied.

76. The proof of claim indicates "foreclosure attorney fees" and "foreclosure attorney costs" without any documentation offered to account and substantiate the same.

77. There is an itemized claim for an "Escrow Advance" in the amount of $6001.26, again without any documentation, explanation or accounting to substantiate the same.

78. There is a charge for "property inspection fees" in the amount of $165.00 again with no documentation or indication as to unit price, amount, dates, basis or anything to otherwise substantiate the same.

79. There is a charge for "NSF fee" in the amount of $60.00 again with no documentation or indication as to unit price, amount, dates, basis or anything to otherwise substantiate the same.

80. There is a charge for "escrow shortage" in the amount of $47.70 again with no documentation or indication as to unit price, amount, dates, basis or anything to otherwise substantiate the same.

81. Further indicated on the itemized list of the purported debt is a presumed notice that the debtor's mortgage payment is to increase post-petition to the amount of $1801.70 from $1754.00 without any explanation, accounting or documentation as to why this substantial increase is necessary or how it is authorized. To the extent this is the purported creditor's way of collecting pre-petition debt, it is a violation of the bankruptcy code.

82. To the extent this is a Freddie Mac owned loan and certain expenses are reimbursed to the servicer by Freddie Mac to the servicer as per the contract and servicing guidelines and then Wells Fargo charges the same to the debtor, ie., "double dipping" there has been no documentation to show what has been credited by Freddie Mac. A full accounting is required.

**WHEREFORE,** the debtors pray of the Court as follows:

A.   That Proof of Claim #1-1 and 1-2 be expunged;

B.   That Court direct the Chapter 13 Trustee to strike the proof of claim of WELLS FARGO BANK, NA;

C. That WELLS FARGO BANK, NA be precluded from filing any amended, modified or substitute claim in this case;

D. That WELLS FARGO BANK, NA provide an accounting of all figures set forth in its proof of claim.

E. That the Debtor have and recover against WELLS FARGO BANK, NA a sum to be determined by the Court in the form of actual damages;

F. That the Debtor have and recover against WELLS FARGO BANK, NA a sum to be determined by the Court in the form of statutory damages;

G. That the Debtor have and recover against WELLS FARGO BANK, NA a sum to be determined by the Court for punitive damages;

H. That the Debtor have and recover against WELLS FARGO BANK, NA a sum to be determined by the Court all legal fees and expenses incurred by her attorney; and

I. That the debtor have such other and further relief as the Court may deem just and proper.

## XII. Conditional Motion Requesting the Recovery of Legal Fees and Expenses Under 28 USC 1927

In the event the Proof of Claim #1-1 and/or Amended Proof of Claim # 1-2 is/are withdrawn by Wells Fargo Bank, NA at any time prior to the conclusion of the final hearing on the merits or in the event this Court strikes the proof of claim and amended proof of claim based on one or more of the **Affirmative Defenses** pleaded herein or in the further event that the Court denies the claim upon a finding of one or more of the following facts:

1.   This Court finds that the factual contentions in the proof of claim and/or amended proof of claim was/were not based on a reasonable review of the account records of the debtors as maintained by the Master Servicer, the Primary Servicer, the Subservicer, the Default Servicer, the Claimant, or any third-party vendor; or

2.   This Court finds that the alleged default in payments by the debtors was based in whole or in part on any misapplication of payments from debtor by the Claimant or any other party; or

3.   This Court finds that the alleged default in payments by the debtor was based in whole or in part upon the use of payments made by the debtors for the payment of or the credit against any fees or expenses of any nature whatsoever related to or arising out of the debtors' mortgage loan that have not heretofore been approved by this Court after proper notice and hearing; or

4.   This Court finds that the factual contentions in the motion were not supported by the evidence in the account records of the debtors or, in the alternative, were inconsistent with the proofs of payment tendered as evidence by the debtors and duly admitted as evidence by this Court; or

5.   This Court determines that the proof of claim and amended proof of claim was/were filed for some improper purpose such as to harass the debtors or to cause unnecessary delay or needlessly increase the cost of this Chapter 13 bankruptcy case.

Then and in the event any one or more of such findings are made by this Court then the debtor respectfully move this Court pursuant to the provisions of Section 1927 of Title 28 of the United States Code for the recovery of their legal fees and expenses in a sum equal to twice the presumed fee or the hourly billing rate of the attorney for the debtor ($450.00), whichever amount is greater, and for the recovery of the debtors' expenses such as lost time from work, travel costs, telephone calls, postage, paying for bank records, securing and paying for money order or checking tracing and confirmation services, expenses incurred for the electronic tracing of payments and the like, from Wells Fargo Bank, NA, its successors in interest, and/or the attorneys for the Claimant.

In support of this conditional motion, the debtors show unto the Court that Section 1927 of Title 28 of the United States Code, regarding Counsel's liability for excessive costs, provides:

*Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.*

A district court has the inherent power to assess attorney's fees against a party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975) (internal quotations omitted). In this regard, if a court finds "that fraud has been practiced upon it, or that the very temple of

justice has been defiled," it may assess attorney's fees against the responsible party. *Universal Oil Products Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946). In such instances, the imposition of sanctions "transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of 'vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy.'" *Chambers v. Nasco*, 501 U.S. 32, 46 (1991) (quoting *Universal Oil*, 328 U.S. at 580).

**WHEREFORE,** the debtor having responded by way of Motion Objecting to Claim to the proof of claim #1-1 and amended proof of claim #1-2 filed herein for the purpose of reserving her right to hearing before the court respectfully pray of the court as follows**:**

A. That the debtor(s) be granted a **preliminary hearing** on all issues raised by the pleadings in this case;

B. That if applicable the claimant be ordered pursuant to **Rule 7034** of the Federal Rules of Bankruptcy Procedure to **produce all current appraisal reports on the subject property, valuations, delinquency contact reports, mortgage inspection reports, property inspection reports, and all documents** prepared in connection with this loan before any court hearing;

C.   That the court require the claimant pursuant to **Rule 7034** of the Federal Rules of Bankruptcy Procedure to **produce a complete life of loan history of all receipts of payments since the filing of this case (from the Trustee and the Debtors) and a detailed summary of the application and disbursement of all such payments**;

D.   That if applicable the claimant be ordered to provide the debtor(s) with **the name, address and telephone number of the current holder of the mortgage or note as provided for by Section 1641(f)(2) of Title 15 of the United States Code**;

E.   That if applicable the claimant provide the debtor(s) with a list of each entity having any interest in the mortgage note that is the subject of this motion including, but not limited to, any broker, table-funder, correspondent lender, originator, lender, warehouse lender, trustee, investor, trustee under a pooling and servicing agreement, servicer, sub-servicer, master-servicer, or similar party, and to identify each such party by full name, address, and a telephone number;

F.   That if applicable the claimant be required to provide the debtor(s) for each party listed pursuant to Section E herein the consideration each entity received or disbursed for any interest it obtained or relinquished in the loan as well as the party it paid consideration to or received it from;

G.   That this response be treated as a written **Request for Production of the Documents** described herein, including the production of the lists and records as identified herein, said

request being made pursuant to Rule 7034 of the Federal Rules of Civil Procedure and Rule 34 of the Federal Rules of Civil Procedure, and that **the court enter an order requiring such documents to be produced a least ten (10) days prior to any final hearing on this motion**;

H.   That this response be treated as a **Motion pursuant to Rule 9006(c)(1)** of the Federal Rules of Civil Procedure for this court in its discretion without notice and a hearing to reduce the time period to respond to the request for production of documents as provided for herein to a period of no less than ten (10) days prior to the designated hearing date and that the claimant be ordered to fax legible copies of said documents to the attorney for the debtor(s) or to transmit the same by an expedited or express mail service;

I.   That the court require the claimant to establish all facts in its claim(s) by way of sworn testimony by qualified and competent agents and employees of the claimant and to that extent the debtor(s) object to the use of any affidavits at this hearing and will only consent to the testimony of witnesses with actual and personal knowledge of the facts so that they can authenticate that any matter is what it is claimed to be;

J.   That if applicable the motion be dismissed if the claimant fails to produce all of the requested documents at least five (5) days before the hearing date as requested herein and that sanctions be awarded against the claimant in the event thereof;

K.   That if applicable this motion be dismissed pursuant to Rules 7017, 7019, and 7020 of the Federal Rules of Bankruptcy Procedure for failure to prosecute the same in the name of the real

party in interest, to join necessary and mandatory parties, or to include the Trustee under the

Deed of Trust, or the Trustee under the Pooling and Servicing Agreement, as a necessary party;

L. That if applicable this motion be dismissed for failure of the claimant to comply with the

mandatory claim transfer and assignment Rules as provided for by **Rule 3001(e)** of the Federal

Rules of Bankruptcy Procedure;

M.  That the debtor(s) be granted a **final hearing** on all issues raised by the pleadings in this

case;

N.  That the attorney for the debtor(s) be awarded a non-base legal fee of $450.00 to be paid

under the plan; and

O.  That the debtor(s) have such other and further relief as to the court may seem just and

proper.

**This document may contain nonpublic personal information about the consumer-debtor(s) subject to the restrictions of the Federal Gramm-Leach-Bliley Act.  Such information, if any, is only included in this document for matters and things related to the bankruptcy case of these consumer-debtor(s).  You may therefore only use this information in connection with proceedings in this bankruptcy case and for no other purpose.  You may not directly or indirectly redisclose or reuse any of the consumer-debtor(s)' nonpublic personal information contained in this document for any other purpose.**

This the 4th Day of  October, 2010.

   /S/ Linda M. Tirelli_____
Linda M. Tirelli, Esq.,
Counsel for the Debtor
Law Offices of Linda M.Tirelli
202 Mamaroneck Avenue, 3rd Floor
White Plains, NY 10601
PH (914)946-0860
Fax(914)946-0870

LINDA TIRELLI
COUNSEL FOR DEBTOR
202 MAMARONECK AVEUNE, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
PH(914) 946-0860

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS DIVISION**
------------------------------------------------------------------X
**IN THE MATTER OF**

**CYNTHIA CARSSOW FRANKLIN,**
        **DEBTOR**

        **CHAPTER 13**
        **CASE NO: 10-20010 (RDD )**

**NOTICE OF OBJECTION TO**
**PROOF OF CLAIM #1-1 AND 1-**
**2 BY WELLS FARGO BANK NA**
**AND NOTICE OF HEARING**
**AND REQUEST FOR**
**ACCOUNTING**
**AND CONDITIONAL MOTION**
**FOR DAMAGES AND FEES**

------------------------------------------------------------X

---

**NOTICE OF OBJECTION TO PROOF OF CLAIM**
**AND REQUEST FOR ACCOUNTING**
**AND CONDITIONAL MOTION FOR DAMAGES AND FEES**
**AND NOTICE OF OPPORTUNITY FOR HEARING**

---

**TO:   WELLS FARGO BANK, NA**

     **PLEASE TAKE NOTICE** that an Objection to Proof of Claim has been filed by the debtor named above. A copy of the objection accompanies this notice.

     **YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

     **TAKE FURTHER NOTICE** that if you do not want the Court to grant the relief requested by the debtors in their motion, or if you want the Court to consider your views on the motion, then on or before **November 10, 2010** you or your attorney must do three (3) things:

1.     **File with the court a written response requesting that the Court hold a hearing and explaining your position. File the response at:**

United States Bankruptcy Court
300 Quarropas Street
White Plains, NY 10601


       If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

2.      **On or before the date stated above for written responses, you must also mail or fax a copy of your written request to:**

Linda M. Tirelli, Esq.,
Counsel for the Debtor
Law Offices of Linda M.Tirelli
202 Mamaroneck Avenue, 3rd Floor
White Plains, NY 10601
Ph(914)946-0860
Fax(914)946-0870

Jeffrey Sapir, Esq.
Chapter 13 Trustee
399 Knollwood Road
White Plains, NY 10603
PH(914)328-7272
Fax(914)328-8608

Greg Zipes, Esq.
United States Department of Justice
Southern District of New York
33 Whitehall Street, 21st Floor
New York, NY 10004

3.      **You must also attend the hearing scheduled for _November 24, 2010  at 10:00 a.m.** in Courtroom Number  (t/b/a) at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, NY 10601.

If you or your attorney do not take these steps, **A HEARING WILL NOT BE HELD** and the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

This the  4th Day of October, 2010.

__/S/ Linda M. Tirelli_____
Linda M. Tirelli, Esq.,
Counsel for the Debtor
Law Offices of Linda M.Tirelli PC
202 Mamaroneck Avenue, 3rd Floor
White Plains, NY 10601
PH (914)946-0860
Fax(914)946-0870

**CERTIFICATE OF SERVICE**

Linda M. Tirelli, attorney for the debtor, hereby certifies to the Court as follows:

1.      I am not a party for the foregoing proceeding;

2.      I am not less than 18 years of age;

3.      I have this day served a copy of the foregoing **OBJECTION TO PROOF OF CLAIM, REQUEST FOR ACCOUTING AND CONDITIONAL MOTION FOR DAMAGES AND FEES, AND A PROPOSED ORDER DISALLOWING CLAIM BY WELS FARGO BANK, NA AND NOTICE OF OPPORTUNITY FOR HEARING** on all parties in interest by placing the same in an envelope, first-class mail, postage prepaid, addressed to each person at his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession as follows:

Wells Fargo Bank, NA
3476 Stateview Blvd., MAC
X7801-014
Fort Mill, SC 29715-7200

Natalie Grigg, Esq. and
Michelle Marans, Esq.
c/o Steven J. Baum, PC
220 Northpointe Parkway
Amherst, NY 14228

Cynthia C. Franklin
One Garrett Place, #5D
Bronxville, NY 10708

**And via the Court's Electronic Case Filing System to:**

Jeffrey Sapir, Esq.
Chapter 13 Trustee
399 Knollwood Road
White Plains, NY 10603

United States Department of Justice
Office of United States Trustee
Southern District of New York
Attn: Attorney Greg Zipes, UST
33 Whitehall Street, 21st Floor
New York, NY 10004

4.      To the best of my knowledge, information and belief, the parties in interest are not infants or incompetent persons;

5.  Service as outlined herein was made within the United States of America.

This the 4th Day of October , 2010.

\_\_/S/ Linda M. Tirelli_____
Linda M. Tirelli, Esq.,
Counsel for the Debtor
Law Offices of Linda M.Tirelli
202 Mamaroneck Avenue, 3rd Floor
White Plains, NY 10601
PH (914)946-0860
Fax(914)946-0870

LINDA TIRELLI
COUNSEL FOR DEBTOR
202 MAMARONECK AVEUNE, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
PH(914) 946-0860

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS DIVISION**
-------------------------------------------------------------------X
**IN THE MATTER OF**

|  |  |
|---|---|
|  | **CHAPTER 13** |
| **CYNTHIA CARSSOW FRANKLIN,** | **CASE NO: 10-20010 (RDD )** |
| DEBTOR |  |
|  | **ORDER** |

-----------------------------------------------------------------X

**PROPOSED ORDER DISALLOWING CLAIM FILED BY**
**WELLS FARGO BANK, NA; PROPOSED ORDER FOR ACCOUNTING; PROPOSED**
**ORDER FOR AWARD OF DAMAGES AND FEES**

THIS CAUSE coming on to be heard, and being heard, before the undersigned Judge of the United States Bankruptcy Court for the Southern District of New York, pursuant to the objection to the claim of the creditor named above filed by the debtor; and

IT APPEARING to the undersigned that this court has jurisdiction over the parties and over the subject matter of this objection; and

IT FURTHER APPEARING to the undersigned that all parties in interest received notice of this objection and of the time, date and place of this hearing and that no such parties have filed any timely objections or otherwise appeared in opposition to the said objection and that the time for filing any such objection has expired; and

IT FURTHER APPEARING to the undersigned that the relief requested by the debtors in their objection is consistent with the applicable provisions of Title 11 of the United States Code and that the debtors have established good and sufficient cause to grant said relief; and

IT FURTHER APPEARING to the undersigned that the objection of the debtors to the proof of claim of the above named creditor should be sustained; and

IT FURTHER APPEARING to the undersigned that the Chapter 13 Trustee should and is hereby directed to strike the claim of the said creditor; and

IT FURTHER APPEARING to the undersigned that WELLS FARGO BANK, NA shall provide a full accounting and supporting documentation of all sums described in its proof of claim;

IT FURTHER APPEARING to the undersigned that WELLS FARGO BANK, NA should be and is hereby precluded from filing any amended, modified or supplemental proof of claim in this case; and

IT FURTHER APPEARING to the undersigned that WELLS FARGO BANK, NA be and it is hereby directed to pay within 3 days of the date of the entry of this order the sum of $_____to Linda M. Tirelli, Esq., the attorney for the debtor; and

IT FURTHER APPEARING to the undersigned that WELLS FARGO BANK, NA be and it is hereby directed to pay within 3 days of the date of the entry of this order the sum of $_____to the debtor; and

IT IS THEREFORE SO ORDERED.

_____
Hon. Robert D. Drain
United States Bankruptcy Judge