

Mailing Address
P.O. Box 1291
Buffalo, NY 14240-1291

Overnight Mail
220 Northpointe Parkway
Suite G
Amherst, NY 14228

**STEVEN J. BAUM, P.C.**
ATTORNEYS AT LAW

Phone Number
716-204-2400

Fax Number
716-204-4600

Web Site
WWW.MBAUM.COM

January 17, 2011

Hon. Robert D. Drain
U.S. Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:        In Re Franklin
Case No.:  10-20010

Dear Hon. Drain:

      This correspondence is in response to the letter filed by Debtor's Counsel dated January 17, 2011. As the Court is aware, there currently is pending an Objection to Claim filed by the Debtor's attorney. The initial hearing on the matter was adjourned to January 19, 2011, with an agreement by the parties that the Secured Creditor's response would be due by December 8, 2010. Subsequent to filing the initial Objection, but before the Secured Creditor filed its response, the Debtor's attorney served various discovery demands, including a Notice of Deposition for a representative of Wells Fargo. The Notice of Deposition scheduled the Deposition for Monday, December 20, 2010, almost an entire month before the hearing on the Objection to Claim is scheduled to be heard. At the time the discovery demands were issued, the time for the Secured Creditor to answer had not yet passed.

      Subsequent to receiving these demands, your affiant contacted the Debtor's attorney asking for an adjournment of time to answer the discovery demands. At that time, I was advised by Debtor's Counsel that she was not in a position to decide due to the fact that she had not yet received the Secured Creditor's response and depending on the response the discovery could be moot but that she would not be able to make that decision until after receiving the response. At that time, your affiant advised the Debtor's counsel that it was our position that an initial hearing on the matter was necessary because it could render the discovery moot, and if there was a disagreement as to such then we would be filing a Motion for a Protective Order.

      On December 8, 2010, the Secured Creditor filed a response to the Debtor's Objection to Claim raising various defenses, including that the Debtor is time barred from challenging the Deed of Trust, that the Debtor has no standing to file the Proof of Claim, that the Secured Creditor has justified the amounts set forth in the Proof of Claim, and most importantly, that the Secured Creditor has standing to file the Proof of Claim as the holder of the Note.

      On December 14, 2010, I received correspondence via electronic mail from Debtor's counsel advising that any deposition of a Wells Fargo representative would be off until we discussed further.

On January 5, 2011, I received correspondence via electronic mail from the Debtor's counsel requesting dates and times for the deposition. At that time, I advised Debtor's counsel that I maintained my original position that the Secured Creditor is entitled to an initial hearing on the Objection to Claim because the defenses raised could moot or limit various aspects of discovery. I requested that Debtor's Counsel advised me if she disagreed with this so that the Secured Creditor could file a Motion for Protective Order seeking such relief. No response was received.

On January 17, 2010, I was contacted by Ms. Tirelli who advised that the pending Objection to Claim was being adjourned at the request of the Court, and that she was requesting a discovery conference due to the outstanding discovery demands.

Based on the foregoing, I am currently preparing a Motion for a Protective Order seeking that discovery be stayed pending an initial hearing on the Objection to Claim. Pursuant to Rule 26 (c)(1) the Court is authorized to enter a protective order to protect a party "from annoyance, embarrassment, oppression or undue burden or expense," including an order forbidding the discovery or specifying terms for discovery. "A stay is proper where the likelihood that such motion shall may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay." *19th St. Baptist Church vs. St. Peters Episcopal Church*, 190 F.R.D. 345, 349 (E.D. Pa. 2000), quoting *Weisman v. Mediq, Inc.*, 1955 WL 273678, 1995 U.S. Dist. LEXIS 5900*2 (E.D. Pa. 1995).

In the present case, the Secured Creditor has raised various defenses to the Objection to Claim, including, but not limited to that the Debtor is time barred from challenging the validity of the Note and Deed of Trust, that the Secured Creditor has proven standing to file the Proof of Claim as the holder of the Note, and that the Debtor does not have standing to challenge the assignment of mortgage, all or some of which may render discovery moot, or, at a minimum, may limit the scope of the discovery that the Debtor is entitled to engage in. Additionally, the Secured Creditor has produced various documents in response to the Objection to Claim. This could render any interrogatories and/or document demands regarding these amounts moot as the Court could determine that the Secured Creditor has amply proven the amounts set forth in the Proof of Claim. The Debtor will not be harmed by the imposition of a stay pending discovery. At a minimum, the issues raised in the Debtor's Objection could be decided in whole or in part, and thus prevent the need for excessive, duplicative, or unnecessary document exchange as well as the avoidance of either party incurring substantial litigation costs.

Very truly yours,

STEVEN J. BAUM, P.C.
Counsel to Wells Fargo Bank, N.A.

By: *Natalie A. Grigg*
Natalie A. Grigg

cc: Linda Tirelli, Esq.