# The Law Offices of Linda M. Tirelli PC

### 1100 Summer Street, Third Floor • Stamford, CT 06905
### Phone (203)653-2203 • Fax (914)946-0870 • Email WestchesterLegal@aol.com

-All correspondence and service MUST be addressed to the White Plains NY Office-

Linda M. Tirelli*

White Plains, NY Office
(By Appointment Only)
One North Lexington Avenue
11th Floor
White Plains, NY 10601
(914)946-0860

* Admitted CT, USDCCT  and SDNY

March 18, 2010

Honorable Judge Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court
300 Quarropas Street
White Plains, NY 10601-4140

### RE:     IN RE FRANKLIN 10-20010

Dear Honorable Judge Drain:

I am writing as counsel to Ms. Cynthia Franklin, the Chapter 13 Debtor, in response to the letter from Attorney Natalie Grigg, counsel to Wells Fargo Bank, NA, seeking to file a motion for an order of protection as to the deposition transcript of Mr. John Kennerty and a request to seal future filings referencing Mr. Kennerty's testimony.  Attorney Grigg's  letter is dated March 14, 2011 and appears as document # 43 on the court's ECF system.

By way of background, debtor, Ms. Cynthia Franklin, filed for bankruptcy protection, pro se,  on June 1, 2011 in SDNY Manhattan division and her case was subsequently transferred to this court as the debtor resides in Westchester County.  On or about July 15, 2011, the law firm of Steven J Baum on behalf of its client, Wells Fargo Bank, NA filed a proof of claim which appears as claim # 1-1 on the court's ECF system which was subsequently amended via claim # 1-2 filed on or about September 23, 2011.   The poof of claims each include documents the debtor calls into question including an assignment of mortgage signed by Mr. John Kennerty as a MERS officer acting as nominee for Washington Mutual Bank, FA on July 12, 2010[1].  The undersigned on behalf of the debtor filed an objection to the proof of claim based in part on the questionable authenticity and effectiveness of the assignment of mortgage[2] which appears as document # 31 on the court's ECF system.  Ms. Griggs responded via document #34 & 35 attaching an affidavit of Mr. John Kennerty, the Vice President of Loan Documentation for Wells Fargo.  Thereafter the undersigned noticed the deposition of Mr. Kennerty.(see ECF Doc. #41)

---

[1] The debtor maintains that Washington Mutual Bank FA did not exist on July 12, 2010, the date Mr. Kennerty, a Wells Fargo employee, purports to act in the role as nominee for  the defunct bank.

[2] The debtor objected to more than one questionable assignment in the series of assignments presented by Ms. Grigg's firm in the instant case.  At this time the creditor is focused solely on the assignment of mortgage signed by Mr John Kennerty.



*The Law Offices of Linda M. Tirelli, designated as a Federal Debt Relief Agent by an Act of Congress and the President of the United States, proudly assists consumers seeking relief under the US Bankruptcy Code.  Attorney Linda Tirelli is a proud and active member of the NACBA, devoted to the assistance of consumer debtors.

On January 24, 2011, the parties together with Attorney Greg Zipes of the United States Trustees office engaged in an informal phone conference with the court. At the conclusion of the phone conference, the court specifically directed Ms. Grigg and her client to produce Mr. Kennerty for deposition. Thereafter the parties resolved to hold the deposition in the instant case on or about March 24, 2010[3] at 10:00am in SDNY. Only after the parties scheduled the deposition did Attorney Grigg present the undersigned with a proposed stipulated protective order replete with unconscionable terms and imposition of unenforceable duties. (copy attached)

As Ms. Griggs is well aware but neglects to point out to the court, since the filing of the objection to proof of claim in the instant case, the undersigned has also appeared as counsel in two other cases with similar questionable documents and identical parties (with different debtors, of course) pending in the United States Bankruptcy Court for Southern District of New York. Specifically, In re Carlos Mota 10-13989(scc) [4] and In re Tandala Mims 10-14030(mg) and (scc)[5] Like the instant case both <u>Mota</u> and <u>Mims</u> present similar facts surrounding an assignment of mortgage signed by Mr. John Kennerty, the same creditor' "Wells Fargo Bank NA" and the same law firm, Steven J. Baum, PC as in the instant case.[6]

The request for Protective Order is being made by counsel without any legal or good faith reason to pursue a protective order for a document, namely the would-be transcript of the deposition of Mr. John Kennerty as well as the extreme measure of sealing any and all would-be filings containing testimony from John Kennerty. The request must fail as there is "a strong presumption in favor of access to court records." Foltz v. State Farm Mutual Automobile Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003).

Furthermore, a party seeking a protective order for discovery materials must demonstrate that "good cause" exists for the protection of that evidence. "Good cause" is established where it is specifically demonstrated that disclosure will cause a specific prejudice or harm. In the instant case, Ms. Grigg points out that there already exists at least one deposition of John Kennerty which is disseminated via online publication as a matter of public record. Neither the undersigned nor the debtor had anything to

---

[3] It was agreed that Mr. Kennerty would be produced and present in SDNY on March 24th and 25th 2011 for the purpose of being deposed in the instant case and in the <u>Mota</u> case mentioned hereinbelow. The parties hant yet decided which deposition would occur first. Attorney Grigg has filed a similar letter addressed to the Hon Shelley C. Chapman requesting pre-motion phone conference pertaining to the case of <u>In re Mota</u> 10-13989(scc). As of the date and time of this letter, the undersigned is not aware of a scheduled date for the conference with Judge Chapman.

[4] The undersigned is acting as Of Counsel to Attorney David J Babel, Counsel to the Debtor, Mr. Carlos Mota 10-13989(scc)

[5] The undersigned prepared the opposition to the <u>second</u> attempt by the creditor Wells Fargo to obtain a Motion for Relief From Stay. Said motion was denied by the Honorable Judge Martin Glenn was converted to a Chapter 13 currently pending before Hon. Shelly C. Chapman. The undersigned is acting as Of Counsel to Attorney David Brodman, Counsel to the Debtor Ms. Tandala Mims 10-14030 (MG / SCC)

[6] The undersigned has also been contacted by colleagues representing debtors in cases outside of SDNY involving John Kennerty Assignments presented in the State of Washington and in the State of Connecticut.



National Association of
Consumer Bankruptcy Attorneys

*The Law Offices of Linda M. Tirelli, designated as a Federal Debt Relief Agent by an Act of Congress and the President of the United States, proudly assists consumers seeking relief under the US Bankruptcy Code. Attorney Linda Tirelli is a proud and active member of the NACBA, devoted to the assistance of consumer debtors.

do with the online distribution of the existing John Kennerty deposition transcript. [7] Given the additional known cases pending in SDNY along with cases the undersigned is aware of in other jurisdictions, it seem the dissemination of existing published transcript did not seem to bear any effect on the business of Wells Fargo or Mr. Kennerty as the practice of drafting, signing and filing assignments of mortgages by the parties continues. Surely if the exposure of the practice via public testimony was an embarrassment, Wells Fargo would have cared enough about its employees and its reputation in the community to change its procedures. By the same token, Mr. Kennerty chooses to continue in the same line of work with the same company.

The creditor's allegations of harm are overly broad, speculative and wholly unsubstantiated. Courts have held that the showing of "good cause" under Fed. R. Civ. P. 26(c) is a "heavy burden." Rivera v. NIBCO, Inc., 384 F.3d 822, 827 (9th Cir. 2004). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Phillips v. General Motors Corp., 307 F.3d 1206, 1211-12 (9th Cir. 2002). Under the law, evidence, not speculation, is required.Rivera_v.NIBCO,Inc.,supra,at828.

The name of the individual, John Kennerty, is already in the public domain and no evidence of threats, harassment or coercion has been submitted other than the self-serving hearsay offered by counsel. Again, if the threats and harassment or coercion were accurate, it seems Wells Fargo could have easily changed its procedures and transferred Mr. Kennerty to a new position to avoid the risk of future exposure. Instead Wells Fargo assessed the risk of being deposed in future cases and made the informed decision to continue the practice of drafting assignments and other documents for Mr. Kennerty's_signature.

There is no "good cause" to protect the pre-trial discovery and the balance of "the public and private interests to decide whether a protective order is necessary," weighs in clear favor of denial of the request for a protective order. see: Phillips, 307 F.3d at 1211. "It is well established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public." San Jose Mercury News, Inc. v. United States Dist. Ct., 187 F.3d 1096, 1103 (9th Cir. 1999). That is, "if the documents are not among those which have 'traditionally been kept secret for important policy reasons' [grand jury transcripts and pre-indictment warrants], then 'the public policy reasons behind a presumption of access to judicial documents (judicial accountability, education about the judicial process etc.)' apply." Id. (internal citations omitted). Here, there is a strong interest in judicial accountability and education: the case has attained a high profile among interested citizens, and the pre-trial discovery materials, and the Court's handling of the same, is of public importance.

In determining whether sufficient countervailing interests exist to overcome the strong presumption of

---

[7] The undersigned came across the published John Kennerty transcript via online research and verified the accuracy of the same with Attorney Melissa Huelsman, the attorney who actively took Mr. Kennerty's deposition prior to attaching the transcript as an exhibit to the objection to proof of claim in the instant case.



National Association of
Consumer Bankruptcy Attorneys

*The Law Offices of Linda M. Tirelli, designated as a Federal Debt Relief Agent by an Act of Congress and the President of the United States, proudly assists consumers seeking relief under the US Bankruptcy Code. Attorney Linda Tirelli is a proud and active member of the NACBA, devoted to the assistance of consumer debtors.

access to court records, courts look to the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995).

Clearly, no trade secrets are at stake here. In this case, there is an incredibly high interest in understanding the judicial process through discovery, briefing and hearings on the merits of the Plaintiffs' alleged harassments, and the public will be able to evaluate and hold accountable the judicial system from the very outset of this endeavor. In contrast, there is very little danger, and absolutely no evidence, that any pretrial discovery would be used for scandalous or other improper purposes.

The undersigned has already set forth a valid interest in utilizing the deposition testimony in her other cases and the United States Supreme Court agrees, " the Supreme Court has noted that parties have general *first amendment* freedoms with regard to information gained through discovery and that, absent a valid court order to the contrary, they are entitled to disseminate the information as they see fit." (emphasis in original) *Public Citizen Group v. Liggett Group, Inc.,* 858 F.2d 775, 780 (1st Cir. 1988), citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 31-36, 81 L. Ed. 2d 17, 104 S. Ct. 2199 (1984). Going on from there, the First Circuit adopted the reasoning of the Second Circuit Court of Appeals, which held as follows:

> A plain reading of the language of *Rule 26(c)* demonstrates that the party seeking a protective order has the burden of showing that good cause exists for issuance of that order. It is equally apparent that the obverse also is true, i.e., *if good cause is not shown, the discovery materials in question should not receive judicial protection and therefore would be open to the public for inspection. . . . Any other conclusion effectively would negate the good cause requirement of rule 26(c): Unless the public has a presumptive right of access to discovery materials, the party seeking to protect the materials would have no need for a judicial order since the public would [\*\*47] not be allowed to examine the materials in any event.* (emphasis added)

*Public Citizen, id.* at 858 U.S. 789, quoting *In re "Agent Orange" Product Liability Litigation*, 821 F.2d 139, 145-146 (2nd Cir.), cert. denied, 484 U.S. 953, 108 S. 344, 98 L. Ed. 370 (1987). See also *Jepson, Inc. v. Makita Elec. Works, Ltd., 30 F.3d 854, 858 (7th Cir. 1994)* ("Absent a protective order, parties to a lawsuit may disseminate materials obtained during discovery as they see fit.")

Therefore, under the rationales of the Supreme Court and the First, Second and Seventh Courts of Appeals, there should be no limit upon the Debtor's right to share that transcript with other lawyers defending homeowners in foreclosure and bankruptcy cases. Wells Fargo does not cite one single Rule of Civil Procedure, one single Rule of Professional Conduct, one statute, and not even one single court decision that stands for its proposition that a party is limited in disseminating pre-trial discovery



National Association of
Consumer Bankruptcy Attorneys

*The Law Offices of Linda M. Tirelli, designated as a Federal Debt Relief Agent by an Act of Congress and the President of the United States, proudly assists consumers seeking relief under the US Bankruptcy Code.  Attorney Linda Tirelli is a proud and active member of the NACBA, devoted to the assistance of consumer debtors.

materials in the absence of a protective order.  There is no such precedent.  Debtor's Counsel's actions in all of her pending cases mentioned herein have not been "inappropriate" or "improper" in any respect, and therefore, Wells Fargo's concerns are baseless and do not warrant the extreme relief sought.

The undersigned is further at a loss to understand Attorney Grigg's emphasis on concerns for the individual witness, when her firm does not represent Mr. Kennerty.  In fact, according to conversations with Attorney Grigg, it is the undersigned's understanding that Mr. Kennerty has his own personal attorney paid for by his employer, Wells Fargo.  According to Ms. Grigg, Mr. Kennerty is well represented by the national firm, Parker Poe, based in Charlotte , NC.

In the absence of specific evidence of harm, and not merely speculation, the judicial process pursuant to which this foundational principle is subject to attack should not proceed in secrecy.  I look forward to our 3:00 pm phone conference on Monday, March 21, 2011 and remain

Very truly yours,

/s/ Linda M. Tirelli
Linda M. Tirelli, Esq.

cc:
Ms. Cynthia Franklin
Natalie Grigg, Esq.
Greg Zipes, Esq.
Andy-Velez Rivera, Esq.
Jeffrey Sapir, Esq.



National Association of
Consumer Bankruptcy Attorneys

*The Law Offices of Linda M. Tirelli, designated as a Federal Debt Relief Agent by an Act of Congress and the President of the United States, proudly assists consumers seeking relief under the US Bankruptcy Code.  Attorney Linda Tirelli is a proud and active member of the NACBA, devoted to the assistance of consumer debtors.