Linda M. Tirelli, Esq.
Law Offices of Linda M. Tirelli PC
One North Lexington Ave., 11th Floor
White Plains, NY 10601
Ph. (914)946-0860 / Fax (914)946-0870
Email: WestchesterLegal@aol.com

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

-------------------------------------------------------X
IN THE MATTER OF:
CYNTHIA CARSSOW FRANKLIN                         CHAPTER 13
            DEBTOR.                              CASE NO. 10-20010 (RDD)

                                                 NOTICE OF PRESENTMENT

-------------------------------------------------------X

**NOTICE OF PRESENTMENT OF
PROPOSED ORDER TO SANCTION WELLS FARGO BANK, NA
AND OPPORTUNITY FOR HEARING**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed proposed ORDER pertaining to directive of the Honorable Robert D. Drain, United States Bankruptcy Judge made in open court on August 17, 2011, to the Honorable Robert D. Drain, United States Bankruptcy Judge at 300 Quarropas Street, White Plains, New York for signature **September 2, 2011 at 10:00 a.m.**

**PLEASE TAKE FURTHER NOTICE** that unless written objections to the proposed Order with proof of service are filed with the Clerk of the Court, and courtesy copies delivered to the Bankruptcy Judge's Chambers, at least ONE (1) day before the date of presentment, there will not be a hearing and the Order may be signed on default.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed, the Court will notify the moving and objecting parties of the date and time of the hearing. <u>The moving and objecting parties are required to attend said hearing</u> and failure to attend in person or by counsel may result in relief being granted or denied on default.

**PLEASE BE ADVISED** that the above-named debtor has filed papers with the United States Bankruptcy Court for the Southern District of New York for an entry of an order to sanction Wells Fargo Bank, NA for contempt and noncompliance with a court directive.

<u>**YOUR RIGHTS MAY BE AFFECTED.**</u>  **YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**TAKE FURTHER NOTICE** that if you do not want the Court to grant the relief requested by the debtor in her motion, or if you want the Court to consider your views on the motion, then on or before the **1st DAY OF September,** you or your attorney must do three (3) things:

1. **File with the court a written request for a hearing and a written response if you desire to file one at:**

United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

2. **On or before the date stated above for written responses, you must also mail or fax a copy of your written request to:**

Linda M. Tirelli, Esq.
Law Offices of Linda M. Tirelli PC
One North Lexington Ave., 11th Floor
White Plains, NY 10601

and to:

Jeffrey Sapir, Esq.
Chapter 13 Trustee
399 Knollwood Road
Suite 102
White Plains, NY 10603

and to:

Greg Zipes, Esq.
U.S. Dept. of Justice / Office of the U.S. Trustee
33 White Hall Street - 21st Floor
New York, NY 10004

3.  **Attend the any hearing scheduled upon your request for date and time to be determined by the clerk of the court** at the United States Bankruptcy Court Southern District of New York, 300 Quarropas Street, White Plains, NY 10601.  If you do not request a hearing the order to sanction Wells Fargo Bank, NA will be entered.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought and may enter an order granting that relief.

Dated this the 26th day of August, 2011.

 __/S/ Linda M. Tirelli_____
Linda M. Tirelli, Esq.,
Counsel for the Debtor
Law Offices of Linda M.Tirelli
One North Lexington Ave., 11th Floor
White Plains, NY 10601
PH (914)946-0860 / Fax(914)946-0870

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION**

-------------------------------------------------------------------X

**IN THE MATTER OF**

**CYNTHIA CARSSOW FRANKLIN,
DEBTOR**

**CHAPTER 13
CASE NO: 10-20010 (RDD )**

**ORDER FOR SANCTIONS**

-------------------------------------------------------------------X

**PROPOSED ORDER TO SANCTION WELLS FARGO BANK, NA**

**WHEREAS** on June 1, 2010, Ms. Cynthia Carssow Franklin, Debtor ("Debtor") filed a petition with this court seeking protection pursuant to Chapter 13 of the US Bankruptcy Code with the United States Bankruptcy Court in the Manhattan Division which was subsequently transferred to the White Plains division on June 8, 2010.

**WHEREAS** on July 15, 2010, Wells Fargo Bank, NA filed a proof of claim identified as Claim # **1-1** on the court's ECF system followed by an amended proof of claim filed on September 23, 2010 which appears as Claim **#1-2** on the Court's ECF system.

**WHEREAS** on October 4, 2010 the Debtor filed an objection to proof of claim which appears as Doc. No. 31 on the court's ECF system.

**WHEREAS** on January 17, 2011 the Debtor through her counsel of record filed a letter addressed to the court (**ECF Doc. No. 39**) requesting a conference pursuant to local rule 7056 stating that on November 18, 2010 she served a Notice of Deposition for a 30(b)(6) corporate witness on Wells Fargo Bank, NA and also served a request for the production of documents including the production of a copy of a servicing agreement as between Wells Fargo Bank, NA and Freddie Mac and that said notice and discovery request were not being complied with.

**WHEREAS** on January 17, 2011, counsel for Wells Fargo Bank, NA acknowledged receiving both the Notice of Deposition and the request for production of documents in a letter addressed to the court and posted to the court's ECF system as **Doc. No. 40**;

**WHEREAS** on January 24, 2011, this court held a phone conference with the participation of counsels for both the Debtor and Wells Fargo Bank, NA and the United States Trustee at which time this court directed Wells Fargo Bank, NA to name and produce a FRBP 30(b)(6) corporate witness and to produce a copy of the servicing agreement requested by the Debtor.

**WHEREAS** on March 14, 2011 Wells Fargo Bank, NA requested a conference with the court as required by local rules via letter as a prerequisite to filing a Motion for Protective Order as to a separate witness, John Kennerty, which appears on the Court' ECF System as **Doc. No. 43** to

which the debtor responded via letter which appears on the Court's ECF System as **Doc. No. 46.**

**WHEREAS** on March 21, 2011, this court held a phone conference with the participation of counsels for both the Debtor and Wells Fargo Bank, NA and the United States Trustee to address the issue of the deposition of John Kennerty and at which time this court inquired as to the status of the FRBP 30(b)(6) witness and other discovery and again directed Wells Fargo Bank, NA, among other things, to name and produce a FRBP 30(b)(6) corporate witness and to produce a copy of the servicing agreement requested by the Debtor;

**WHEREAS** on Wednesday, August 17, 2011 the court held a status conference and directed Wells Fargo Bank NA's counsel to identify a 30(b)(6) witness by the following Wednesday, August 24, 2011 or there will be some form of sanction ( Trans. P. 6 Ln 22-25)  and further directed Wells Fargo Bank NA's counsel to produce the servicing agreement as between Wells Fargo Bank NA and Freddie Mac by the following Wednesday, August 24, 2011 ( Trans. P. 9 Ln 24-25)

**WHEREAS** as of Thursday, August 25, 2011 despite three explicit directives of this court and despite being forwarned of sanctions to be imposed for continued defiance, Wells Fargo Bank, NA and its attorneys failed to identify a FRBP 30(b)(6) and further failed to produce a copy of the servicing agreement as between Wells Fargo and Freddie Mac.

**NOW WHEREFORE**, it is hereby

**ORDERED** that Wells Fargo Bank NA is barred from introducing witnesses and testimony of corporate witnesses in the instant contested matter and it is further hereby

**ORDERED** that Wells Fargo Bank, NA shall pay $15,000 for contempt payable to the Clerk to hold pending further orders and it is further hereby

**ORDERED** that Wells Fargo Bank, NA shall pay debtor's  legal fees and expenses to date in the entire matter; debtor's counsel has 14 days to file time and expense records with this court from the date of entry of this order and it is further hereby

**ORDERED** that Wells Fargo Bank, NA  shall pay sanctions of $500.00 per day to the debtor until Wells Fargo Bank, NA  produce all documents requested and identifies witnesses and it is further hereby

**ORDERED** all remaining witnesses to be produced shall be so produced at the cost of Wells Fargo Bank, NA in the office of Debtor's counsel on date to be selected by Debtor and it is further hereby

**ORDERED** that all court reporter and videographer fees paid by Wells Fargo Bank NA and it is further hereby

**ORDERED** that Wells Fargo shall pay all legal fees and costs incurred by the debtor for depositions and it is further hereby

**ORDERED** Wells Fargo Bank, NA has 14 days to produce the complete mortgage loan file - both paper and digital- from master document custodian and it is further hereby

**ORDERED** that Wells Fargo shall pay $5,000.00 sanctions to debtor and it is further hereby

**ORDERED** that the claim filed by Wells Fargo will be disallowed with prejudice if there is any future failure to comply and it is further hereby

**ORDERED** that all attorneys with appearances filed on behalf of Wells Fargo Bank, take and complete 12 hours of Ethics CLE within 90 days and confirm to court or will be suspended from practice in the United States Bankruptcy Court for the Southern District of New York for a period of 6 Months.

**ORDERED** that Wells Fargo Bank, NA pay sanctions to the debtor in the amount of $24,000.00 representing $1,000.00 for each of the 8 months of delay caused by not naming a corporate witness and withholding discovery and then multiplied for each of the three deliberate acts of defiance of this court's directive. Said sum shall be applied to Attorneys fees to cover costs associated with all attempts made by debtor's counsel to obtain the identity of the 30(b)(6) witness and servicing agreement with the balance to be paid to the Debtor.

It is herby so **ORDERED**.

This the _____ day of _____, 2011

_____
Honorable Judge Robert D. Drain,
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

-------------------------------------------------------------------X

**IN THE MATTER OF**

**CYNTHIA CARSSOW FRANKLIN,**
       **DEBTOR**

**CHAPTER 13**
**CASE NO: 10-20010 (RDD )**

**CERTIFICATE OF SERVICE**

-------------------------------------------------------------------X

CERTIFICATE OF SERVICE

    Linda M. Tirelli, attorney for the debtor, hereby certifies to the Court as follows:
1.     I am not a party for the foregoing proceeding;
2.     I am not less than 18 years of age;
3.     I have this day served a copy of the foregoing
    a.     **PROPOSED ORDER TO SANCTION WELLS FARGO BANK, NA ; AND**
    b.     **NOTICE OF PRESENTMENT OF ORDER AND OPPORTUNITY FOR HEARING**

on all parties in interest by placing the same in an envelope, first-class mail, postage prepaid, addressed to each person at his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession as follows:

Cynthia C. Franklin
One Garrett Place, #5D
Bronxville, NY 10708

Wells Fargo Bank, NA
3476 Stateview Blvd., MAC
X7801-014
Fort Mill, SC 29715-7200

Natalie Grigg, Esq. and
Michelle Marans, Esq.
c/o Steven J. Baum, PC
220 Northpointe Parkway
Amherst, NY 14228

Nicole E. Schiavo, Esq.
Hogan Lovells US LLP
875 Third Avenue

New York, NY 10022

Jeffrey Sapir, Esq.
Chapter 13 Trustee
399 Knollwood Road
White Plains, NY 10603

United States Department of Justice
Office of United States Trustee
Southern District of New York
Attn: Attorney Greg Zipes, UST
33 Whitehall Street, 21st Floor
New York, NY 10004

    4.    To the best of my knowledge, information and belief, the parties in interest are not infants or incompetent persons;

    5.    Service as outlined herein was made within the United States of America.

This the 26th Day of August, 2011.

  /S/ Linda M. Tirelli  
Linda M. Tirelli, Esq.,
Counsel for the Debtor
Law Offices of Linda M.Tirelli PC
One North Lexington Avenue, 11th Floor
White Plains, NY 10601
PH (914)946-0860 / Fax(914)946-0870