```
                    UNITED STATES BANKRUPTCY COURT
                    SOUTHERN DISTRICT OF NEW YORK

---------------------------------------
                                       |
In Re:                                 |
                                       |   Case No. 10-20010
     CYNTHIA CARSSOW FRANKLIN,         |
                                       |   300 Quarropas Street
                                       |   White Plains, NY
                              Debtor.  |   August 17, 2011
                                       |
---------------------------------------

         (Doc. #20) CONFIRMATION HEARING (Doc. #25) OBJECTION
      TO CONFIRMATION (Doc. #31) DEBTOR'S OBJECTION TO PROOF
              OF CLAIM AND (Doc. #24) OPPOSITION TO
                 DEBTOR'S OBJECTION TO PROOF OF CLAIM
                  BEFORE THE HONORABLE ROBERT D. DRAIN
                    UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:


For the Debtor:            LINDA M. TIRELLI, ESQ.
                           Law Offices of Linda Tirelli, P.C.
                           One North Lexington Avenue
                           White Plains, New York  10601

For the Creditor:          NICOLE E. SCHIAVO, ESQ.
                           Hogan, Lovells, US LLP
                           875 Third Avenue
                           New York, New York  10022
```

*Proceedings electronically recorded.*
*Transcript produced by:*

*American Legal Transcription*
*11 Market Street - Suite 215 - Poughkeepsie, NY 12601*
*Tel. (845) 452-3090  -  Fax: (845) 452-6099*
amlegaltrans@aol.com

```
 1                THE CLERK:  Cynthia Franklin.
 2                MALE VOICE:  Did you say Cynthia?
 3                THE CLERK:  Franklin.
 4                THE COURT:  Right.
 5                MALE VOICE:  Okay.
 6                MS. TIRELLI:  Good afternoon, Your Honor.  Linda
 7   Tirelli on behalf of the debtor Cynthia Franklin.  Cynthia
 8   Carssow Franklin.
 9                MS. SCHIAVO:  Nicole Schiavo of Hogan Lovells on
10   behalf of the secured creditor Wells Fargo.
11                THE COURT:  Okay.
12                MS. TIRELLI:  I think we're here on a status
13   conference more than anything else.  Wells Fargo has changed
14   attorneys.
15                Your Honor, I have been asking for a 30(b)(6)
16   witness from the Baum firm for quite some time now.  I've also
17   asked for a copy of the servicing agreement between Wells
18   Fargo and Freddie Mac, who actually owns this loan -- or we
19   believe owns this loan -- and the Court has actually directed
20   them to turn over both.
21                At this point I've asked Ms. Schiavo twice for a
22   30(b)(6) witness.  So we can begin a schedule going and move
23   on.  I've also asked for a copy of the servicing agreement.
24   I've got nothing.
25                So, Your Honor, at this point I think we need to
```

```
 1  have a scheduling order in place and then I'd --
 2              THE COURT: All right. Didn't we have a conference
 3  on this?
 4              MS. TIRELLI: We did, Your Honor, and they were
 5  going --
 6              THE COURT: I mean a telephonic conference?
 7              MS. TIRELLI: We did, Your Honor, absolutely.
 8              THE COURT: All right.
 9              MS. TIRELLI: And at that time we were also looking
10  for the deposition of Mr. John Kennedy. Wells Fargo, after
11  that conference, went ahead and --
12              THE COURT: And I said if he's the one that knows,
13  fine, if he doesn't know, then it's just a waste of time and
14  save him until it looks like he may be relevant if ever.
15              MS. TIRELLI: He's quite relevant, Your Honor.
16              THE COURT: Oh, all right.
17              MS. TIRELLI: I believe so. Well, he apparently no
18  longer works for Wells Fargo so we served him down in South
19  Carolina and now I'm met with a motion for a protective order.
20  We're arguing that on September 9th.
21              THE COURT: By whom?
22              MS. TIRELLI: Well, Wells Fargo has retained
23  counsel. They've retained Parker, Pell. The firm of Parker,
24  Pell --
25              THE COURT: Wait. Wells Fargo made the motion for
```

```
 1  a protective order on a third party witness?
 2          MS. SCHIAVO:  No, Mr. Kennedy's personal counsel
 3  made an order -- a motion for protection.
 4          THE COURT:  Oh, okay.
 5          MS. TIRELLI:  Who was paid for by Wells Fargo as
 6  confirmed by Natalie Grigg, who was Wells Fargo's attorney at
 7  the time.
 8          THE COURT:  All right.
 9          MS. TIRELLI:  But in any case we are going down to
10  argue that but while that's going on I still need a 30(b)(6)
11  witness or perhaps a string of 30(b)(6) witnesses.  I still
12  need to see the servicing agreement.
13          THE COURT:  Right.
14          MS. TIRELLI:  I'm not getting any cooperation
15  whatsoever, Your Honor.
16          THE COURT:  Do you have a discovery request out --
17          MS. TIRELLI:  Yes, I do, Your Honor.
18          THE COURT:  -- I mean a written one?
19          MS. TIRELLI:  I do, Your Honor.  I do, Your Honor,
20  a request for a production of documents I sent out quite some
21  time ago.
22          THE COURT:  Okay.
23          MS. TIRELLI:  And I believe it was actually posted
24  on ECF along with the request for a 30(b)(6) witness.
25          THE COURT:  Okay.
```

```
 1                MS. SCHIAVO:  Your Honor, if I may just back up a
 2   second here?
 3                The discovery demands that were served were
 4   responded to.  There was a massive amount of documents that
 5   were produced, though I acknowledge that there are both a
 6   30(b)(6) deposition notice and a subpoena for Mr. Kennedy, I
 7   believe from what was related to me, Your Honor had expressed
 8   that we should kind of take discovery one step at a time here.
 9   The motion for a protective order is being heard in early
10   September and --
11                THE COURT:  No, but I said you had to provide a
12   30(b)(6) witness.  I took your -- the representation that
13   Kennedy might not be the guy but that still didn't free Wells
14   Fargo from the obligation to present a 30(b)(6) witness,
15   someone who meets the qualifications.
16                MS. SCHIAVO:  At this point, Your Honor, we just
17   look at that all of the discovery that's going to be ongoing
18   at the same time might be duplicitous and --
19                THE COURT:  No, well, it might be duplicitous --
20                MS. SCHIAVO:  Right.
21                THE COURT:  -- that's what Ms. Tirelli is saying,
22   but it's not duplicative.
23                MS. SCHIAVO:  Right, well --
24                THE COURT:  There's an obligation to provide a
25   30(b)(6) witness.  It's her right to say, I want to depose
```

```
 1    that person after I've gotten the documents, but if she wants
 2    to depose him before she's gotten -- or her -- before she's
 3    gotten the documents that's her right.
 4              MS. SCHIAVO:  She's got the documents.
 5              THE COURT:  So she should depose the 30(b)(6)
 6    witness.
 7              MS. SCHIAVO:  We also, Your Honor -- as --
 8              MS. TIRELLI:  I'm sorry, just so I could be clear.
 9    Mr. Kennedy is now a third party witness.
10              THE COURT:  I understand.
11              MS. TIRELLI:  He's not a 30(b)(6) --
12              THE COURT:  No, I understand.
13              MS. TIRELLI:  Okay.
14              THE COURT:  Wells needs --
15              MS. TIRELLI:  I wanted to be clear on that.
16              THE COURT:  -- to identify a 30(b)(6) witness.
17    It's just --
18              MS. SCHIAVO:  Your Honor, I'd like to file a motion
19    to compel or preclude because if they're not --
20              THE COURT:  No, you don't need to do that.
21              MS. SCHIAVO:  Okay.
22              THE COURT:  You need to identify a 30(b)(6) witness
23    by next Wednesday or there will be some form of sanction.
24    Whether that means that this person can't introduce evidence
25    in the future or what, I'll have to decide but I don't like
```

1    wasting my time.  I spent an afternoon dealing with this issue

2    on a discovery basis and nothing has happened as far as I

3    could tell and if in fact Wells is now objecting or paying for

4    the objection of this person and not based on some

5    identification but volunteering to do that I will look at any

6    charge of that on this loan very closely.

7               I just don't understand that.  Where is this?  It's

8    in North Carolina?

9               MS. TIRELLI:  I had to go down to South Carolina,

10   Your Honor.

11              THE COURT:  South Carolina.

12              MS. TIRELLI:  I had to serve him personally and,

13   again, it's a rather large firm, Parker, Pell.

14              THE COURT:  All right.  Well -- all right.

15              MS. SCHIAVO:  Your Honor --

16              THE COURT:  I'm not saying that you are paying for

17   or your client is paying for it but I also don't take lightly

18   the -- I mean, again, I'm not saying this is the case but if

19   that motion establishes that this person is knowledgeable, I

20   don't take lightly the representations that were made to me in

21   letters and on the phone during the conference that he was not

22   knowledgeable and my view of how this case is conducted,

23   thereafter, will be colored by that fact.

24              MS. SCHIAVO:  The only other thing I would ask,

25   Your Honor, is that the objection to claim that was filed has

```
 1   several issues that are purely legal that don't need

 2   discovery, that discovery one way or the other won't have any

 3   bearing on and I would ask that in order to limit the

 4   discovery to what's necessary for factual determination that

 5   there be a decision on the legal issues because otherwise

 6   we're kind of just --

 7              THE COURT:  You can make your request for a motion

 8   -- a dispositive motion if you want to --

 9              MS. TIRELLI:  There's been --

10              THE COURT:  But I --

11              MS. SCHIAVO:  Well, the objection to claim is fully

12   briefed at this point.  There's been a response.

13              MS. TIRELLI:  There's been no discovery.  That's my

14   issue here.

15              MS. SCHIAVO:  Well, we don't need discovery --

16              THE COURT:  But that's --

17              MS. SCHIAVO:  Well, a lot of the -- arguably, a lot

18   of the arguments are set forth are purely legal argument, that

19   there's no discovery that's required one way or the other.

20              MS. TIRELLI:  Okay.  Well, all right.  One of the

21   issues, Your Honor, is is there actually a servicing agreement

22   between Wells Faro and the real party-in-interest?  The Court

23   directed Wells Fargo to turn over that agreement.  I've been

24   yes'd to death and I have not seen it.

25              MS. SCHIAVO:  And we've advised Ms. Tirelli on at
```

```
 1  least a half dozen occasions that it's available on line.  If
 2  she wants me to print it out for her and provide her with one
 3  that's readily available on line --
 4              THE COURT:  Well, is it available on line?
 5              MS. TIRELLI:  No, Your Honor, it's not.  What's
 6  available on line is the Freddie Mac servicing guide.
 7              You know, I'm actually insulted that Wells Fargo
 8  would like me to think that I -- would like to think that I
 9  don't know the difference --
10              THE COURT:  You should print it out.
11              MS. TIRELLI:  -- a guide and a contract.
12              MS. SCHIAVO:  I can print it out.  It's not a
13  problem, Your Honor.
14              THE COURT:  You should print it out.
15              MS. TIRELLI:  Your Honor, it's not a contract, it's
16  a guide.  There's a very big difference.
17              THE COURT:  All right.  Well, you should --
18              MS. TIRELLI:  And I've also given the Court -- and
19  Ms. Schiavo is well aware, too, that while Wells Fargo lost on
20  this issue in Texas and it was upheld on appeal in the Fifth
21  Circuit they were not able to produce a servicing agreement
22  between Wells Fargo and Freddie Mac.  It's the same issue.
23  This is being --
24              THE COURT:  Well, produce the agreement by next
25  Wednesday also.
```

1    MS. SCHIAVO:  The agreement.  Thank you, Your
2    Honor.
3         THE COURT:  Yes.  Now, as far as any sort of
4    dispositive motion is concerned, you're right, there are a lot
5    of different bases for the objection but I would like Wells
6    Fargo to let me know under Local Rule 7056 whether it believes
7    there's a good reason to proceed with a summary judgment
8    motion either for all or partial summary judgment here and
9    then Ms. Tirelli can review that request and we can have a
10   conference on that which doesn't have to be on the Chapter 13
11   date, we can do that by phone.
12        MS. TIRELLI:  So it will be conferenced before the
13   motion?  I just want to be clear.
14        THE COURT:  Well, under the Local Rules we have the
15   requirement of identifying whether someone wants to move for
16   summary judgment or not.  It's not a summary judgment motion
17   it's just for the judges to see whether it's a waste of time
18   or not -- literally a waste of time as opposed to something
19   that may turn out to be worthwhile.
20        MS. TIRELLI:  Okay.
21        MS. SCHIAVO:  And Your Honor would prefer this as
22   opposed to dealing with the objection to claim that's --
23        THE COURT:  It's not -- you're not dealing with the
24   whole objection to claim, you're dealing with parts of it.  I
25   don't now what parts and I want to be able to focus on them

```
 1   and if I'm wasting my time because the other parts are the
 2   real parts, then we can deal with that and Ms. Tirelli can
 3   narrow her questions accordingly but she's not even gotten to
 4   that point yet because we don't have anyone to question.
 5              So, I think the deadlines are clear and I'll
 6   adjourn confirmation to October 26th, however, if there are
 7   discovery disputes before then and they can't be resolved,
 8   then, you know, either side is free to request a conference.
 9              MS. TIRELLI:  Okay.  Would I need to request
10   another conference if we don't have this information by
11   Wednesday?
12              THE COURT:  No, that's --
13              MS. TIRELLI:  Or could I file a motion?
14              THE COURT:  No, no, this is on other discovery
15   disputes.
16              MS. TIRELLI:  Okay.  All right.  I just want to be
17   clear.
18              THE COURT:  And that's really a holding date.  If
19   we had a summary judgment -- a partial summary judgment motion
20   after a conference which, again, can be telephonically, I
21   would probably do it on a non-Chapter 13 day.
22              MS. SCHIAVO:  Thank you, Your Honor.
23              MS. TIRELLI:  Okay.  And just --
24              THE COURT:  So, there's no reason for you all to
25   have to come in here again on the 26th, it's really -- it's
```

```
 1   truly a holding date so if things are proceeding on the right
 2   schedule in the litigation or we've gotten off on a non-
 3   Chapter 13 schedule just take it -- you know, one of you
 4   should call up Ms. O'Shea and take it off the calendar.
 5                MS. TIRELLI:  Okay.
 6                MS. SCHIAVO:  Thank you, Your Honor.
 7                THE COURT:  When did your firm come in and Steven
 8   J. Baum's firm leave?
 9                MS. SCHIAVO:  It's roughly a month ago.
10                THE COURT:  Okay.
11                MS. TIRELLI:  But, Your Honor --
12                THE COURT:  That was probably a good thing
13   particularly given the potential for them being a witness here
14   but, more importantly, because I think you all understand that
15   Ms. Tirelli is not going to go away and we should really get
16   to the heart of this.
17                MS. SCHIAVO:  Yes, understood.
18                THE COURT:  Okay.  Thanks.
19                MS. SCHIAVO:  All right.
20                MS. TIRELLI:  Thank you, Your Honor.
21                THE COURT:  Okay.
22
23
24
25                              -o0o-
```

```
 1  CERTIFICATION
 2          I, CARLA A. NUTTER, certify that the foregoing
 3  transcript of proceedings is a true and accurate record of the
 4  proceedings.
 5
 6  _____
 7
 8  AMERICAN LEGAL TRANSCRIPTION
 9  11 Market Street, Ste. 215
10  Poughkeepsie, New York 12601
11  Date:   August 24, 2011
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```