Linda M. Tirelli, Esq.
Garvey Tirelli & Cushner, Ltd.
Westchester Financial Center
50 Main Street, Suite 390
White Plains, NY 10606
Ph. (914)946-2200
Emai:LindaTirelli@TheGTCFirm.com

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK
## WHITE PLAINS DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| CYNTHIA CARRSOW-FRANKLIN | § | |
| | § | CHAPTER 13 |
| DEBTOR | § | Bankruptcy Case No. 10-20010(RDD) |
| | § | |
| ------------------------------------------------------ | § | |
| CYNTHIA CARRSOW-FRANKLIN | § | |
| | § | |
| MOVANT. | § | |
| | § | |
| V. | § | EMERGENCY MOTION TO REOPEN FOR |
| | § | ADDITIONAL EVIDENCE |
| WELLS FARGO BANK, N.A. | § | |
| | § | |
| RESPONDANT | § | |

**EMERGENCY MOTION TO REOPEN AND FOR LEAVE TO PROPOUND
SUPPLEMENTAL DISCOVERY TO DEFENDANT
FOR ADDITIONAL EVIDENCE WITHHELD PRIOR TO TRIAL**

**NOW COMES** Debtor / Movant Cynthia Carssow Franklin, by and through her attorney, Linda M. Tirelli, and moves the Court for permission to reopen the case to propound supplemental discovery to Defendant. In the alternative to reopen to include additional evidence discovered by happen stance after the evidentiary hearing of December 3, 2013. In support hereof, Plaintiff states and alleges as follows:

1. This contested matter was filed via Objection to Proof of Claim on October 4, 2010.

2. An evidentiary hearing was held by this court on December 3, 2013. (copy of transcript attached as **Exhibit "A"**)

1

3. The Court did not render judgment as of the date and time of this motion.

4. Prior to the evidentiary hearing, the Movant went to great lengths to obtain discovery including taking the deposition of a non-party witness, former Wells Fargo employee, Herman "John" Kennerty after being caused to defend a Motion for Protective Order in Charleston, South Carolina. Said Motion for Protective Order was filed by attorneys for Mr. Kennerty, paid for by Respondent, Wells Fargo.

5. At summary judgment hearing on March 1, 2012 this court determined the Assignment of Mortgage signed by Mr. Kennerty presented with the proof of claim in the instant case to be a fraudulent document.

6. Mr. Kennerty testified at deposition, in part, that there is an endorsement team in North Carolina which would endorse mortgage notes when requested to do so.[1]

7. Wells Fargo presented Mr. Kyle Campbell as a 30(b)(6) witness for deposition on July 2, 2013. (copy of Campbell Transcript attached as **Exhibit B**)

8. Mr. Campbell repeatedly denied any knowledge as to the existence of an endorsement team. (see transcript Pgs. 111-113)

9. At trial, the parties submitted the transcripts of both Mr. Campbell and Mr. Kennerty as joint exhibits.[2]

10. While Mr. Campbell was not able or perhaps willing to testify as to the nature and purpose of an endorsement team, opposing counsel seemed to have information regarding the same and addressed his comments the court . (see Evid. Hrg. Transcript Pgs. 115 - 116)

---

[1] A complete copy of the John Kennerty Deposition Transcript is available to the court as part of the trial notebook joint exhibits provided to the court for the December 3, 2013 evidentiary hearing.

[2] After submitting the joint exhibits, opposing counsel at trial did argue they objected to the submission of the Kennerty deposition, but did not provide any basis for excluding the non-party witness's deposition testimony. Opposing counsel was present at the Kennerty deposition conducted in North Carolina.

2

explaining on record that (paraphrasing) Wells Fargo only indorses notes it owns and it owns millions of loans hence the need for such a team.

11. The undersigned was retained to assist and consult in an unrelated contested matter <u>In re America Sanchez</u> 10-12490-shl. The gravamen of the objection to proof of claim filed by Debtor's counsel in the <u>America Sanchez</u> case, involved a similar fact pattern to that in the instant case where a proof of claim was filed by a Wells Fargo entity attaching an unendorsed note. After Debtor 's counsel sent a letter complaining about the lack of perfection and lack of standing she filed an Objection to Proof of Claim, and thereafter in discovery, an original note was produced together with an indorsement via an unattached. Said indorsement in blank is from the originator, "First Meridian Mortgage, A Limited Liability Company" which based on information and belief did not exist at the time the proof of claim was filed on or about .

12. On or about December 5, 2013, <u>two days after</u> the evidentiary hearing in the instant case, counsel for Wells Fargo (not the same firm as that representing Wells Fargo in the <u>Franklin</u> case) produced documents in a trial notebook to the court which were not previously provided to the undersigned. The undersigned did not get the opportunity to fully review all the documents until a few days thereafter. Included in the document provided in the notebook is an order form on Wells Fargo stationary ordering a post petition indorsement from the Endorsement Team in 2012. A copy of said order form is attached hereto as **Exhibit C**.

13. The parties settled the Sanchez case at the time of the evidentiary hearing on December 10, 2013 before any witness was called to testify. Said settlement is still in the process of being reduced to paper.

14. As per Mr. Kennerty's testimony in the instant case, he was fired from Wells Fargo in the fall of 2010.

15. The submission of Wells Fargo's Note Endorsement Team's "order form" in the Sanchez case to the Hon Judge Lane is a judicial admission.

16. The existence of the endorsement team was not admitted by Mr. Campbell at deposition in the instant case, in fact the witness denied having any knowledge of the internal process and procedure for requesting an endorsement or of the existence of an endorsement team

17. This new evidence of an endorsement team is relevant in that it corroborates Mr. Kennerty's testimony.

18. This new evidence of the existence of the endorsement team is relevant in that it may be used to impeach and discredit Mr. Campbell's credibility and competency to testify as a 30(b)(6) witness.

19. By allowing the Movant to present additional evidence will not cause any undue delay or hardship on the respondent.

20. The existence of an Endorsement Team order form was not predicted and came as a surprise to the Movant and her attorney.  There was simply o way to predict the existence of an internal form used to order post-petition indorsements to a note the way one might order dim sum in a Chinese restaurant.

21. By allowing the case be reopened and for additional discovery to be sought, the Court would prevent a potential injustice and prejudice to the Movant.

22. The Movant respectfully requests the court reopen discovery so as to allow the Debtor additional discovery regarding the endorsement team, its existence, its function and its involvement in the manufacturing of "tah-dah" endorsements in the instant case. Alternatively, the Movant respectfully requests the Court consider the evidence of the Note Endorsement Team

4

order form submitted under oath and subject to Rule 9011 in the Sanchez case in the instant case for the reasons stated above.

**Argument**

A Motion to Reopen for Additional Evidence is appropriate to give a party the opportunity to include additional evidence in the record when the moving party offers evidence as to the nature of the evidence to be introduced. See, e.g. Air et Chaleur v. Janeway, 757 F.2d 489, 495 (2d Cir. 1958) (movant offered no proof about the nature of the additional testimony) and when the party was diligent in producing its evidence but was reasonably and genuinely surprised by the need for additional evidence.  See Rivera-Flores v. Puerto Rico Tel.Co., 64 F.3d 742,747(1st Cir 1995); Air et Chaleur, 757 F.2d at 495; Playboy Enters. V. Dumas, 960 F.Supp. 710, 723 ( S.D.N.Y. 1997), aff'd, 159 F.3d 1347 (2d Cir 1998) (table case).  As set forth above, the Movant fully describes the nature of the evidence and the surprising happen stance circumstamces by which the undersigned was made aware of the existence of the Note Endorsement Team order forms on Wells Fargo stationary.

In considering reopening a case for additional evidence, the evidence must be relevant , admissible, technically adequate and helpful. U.S. v. Parker, 73 F.3d 48, 53 (5th Cir. 1996) reh'g granted, 80 F.3d 1042 (5th Cir. 1996), reinstated in relevant part, 104 F.3d 72(5th Cir 1997). The evidence to be presented is relevant to the case at bar and is admissible as a statement of a party and judicial admission as to the existence of a Note Endorsement Team at Wells Fargo.

5

When ruling on a motion to reopen, the court should consider when the motion was made, the nature of the additional evidence and the prejudice in granting or denying the motion.  <u>Garcia v. Women's Hospital of Texas</u>, 97 F.3d 810,814 (5th Cir. 1996); <u>Blinzler v. Marriott International</u>, 81 F.3d 1148, 1160 (1st Cir 1996); <u>Joseph v. Terminix International Co</u>., 17 F.3d 1282, 1285 (10th Cir. 1994); see <u>12 Moore's Federal Practice</u> 3d §59.13[3][c].  The evidentiary hearing in the instant case was held in December 2013 and judgment has not yet been rendered as this court requires briefs on the issue of admissibility of the Respondent's electronic business records and Mr. Campbell's competency to testify to the same.

WHEREAS, For all the reasons set forth above, the Movant respectfully moves this court to

1. Grant its motion and reopen the case to permit additional discovery and presentment of evidence; and
2. Grant such other relief the court deems just and proper.

Respectfully Submitted,

This the 7th Day of February, 2014.

  __/S/ Linda M. Tirelli_____
Linda M. Tirelli, Esq.,
Counsel for the Debtor
Garvey Tirelli & Cushner, Ltd.
Westchester Financial Center
50 Main Street, Suite 390
White Plains, NY 10606
Ph. (914)946-2200
Emai:<u>LindaTirelli@TheGTCFirm.com</u>

6

# CERTIFICATE OF SERVICE

      Linda M. Tirelli, attorney for the debtor, hereby certifies to the Court as follows:
1.     I am not a party for the foregoing proceeding;
2.     I am not less than 18 years of age;
3.     I have this day served a copy of the foregoing

**"Emergency Motion To Reopen And For Leave To Propound Supplemental Discovery To Defendant For Additional Evidence Withheld Prior To Trial"**

on all parties in interest by placing the same in an envelope, first-class mail, postage prepaid, addressed to each person at his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession as follows:

Cynthia C. Franklin
One Garrett Place, #5D
Bronxville, NY 10708

Nicole E. Schiavo, Esq.
David Dunn, Esq.
Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022

Jeffrey Sapir, Esq.
Chapter 13 Trustee
399 Knollwood Road
White Plains, NY 10603

United States Department of Justice
Office of United States Trustee
Southern District of New York
Attn: Attorney Greg Zipes, and
Attorney Andy Velez-Rivera
201 Varick St. / Suite 1006
New York, NY 10014

     4.     To the best of my knowledge, information and belief, the parties in interest are not infants or incompetent persons;

     5.     Service as outlined herein was made within the United States of America.

This the 7th Day of February 2014.

__/S/ Linda M. Tirelli_____
Linda M. Tirelli, Esq.,
Counsel for the Debtor
Garvey Tirelli & Cushner, Ltd.
Westchester Financial Center
50 Main Street, Suite 390
White Plains, NY 10606
Ph. (914)946-2200
Emai:LindaTirelli@TheGTCFirm.com