```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                          :
                                                :         Chapter 13
Cynthia Carssow Franklin,                       :
                                                :         Case No. 10-20010
                        Debtor.                 :
-------------------------------------------------------------x
```

**FINAL APPLICATION FOR FEES AND EXPENSES OF KELLETT & BARTHOLOW PLLC & TIRELLI & WALLSHEIN, LLP**

COME NOW Kellett & Bartholow PLLC ("K&B") and Linda M Tirelli, Esq. of Tirelli & Wallshein, LLP ("Tirelli," together with K&B, "Applicant") counsel to Debtor Plaintiff, and make this Final Application pursuant to 11 U.S.C. § 330(a)(4)(B) and Bankruptcy Rule 2016, for allowance of compensation for professional services rendered and for reimbursement of expenses actually, reasonably, and necessarily incurred by Applicant in representing Plaintiff from November 4, 2016 through May 24, 2018 (the "Application Period"), for Applicant's work in the Plaintiff's Adversary Proceeding No. 16-8246, and as cause would show as follows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding under 28 U.S.C. §157(b) and venue is proper in this Court under 28 U.S.C. §§1408 and 1409.

**General Background and Bankruptcy History**

2.      On June 1, 2010, Cynthia Carssow Franklin ("Debtor") filed her Chapter 13 bankruptcy petition in the Manhattan Division of the United States Bankruptcy Court for the Southern District of New York.

3. Debtor's Chapter 13 case was transferred to the White Plains Division of the United States Bankruptcy Court for the Southern District of New York on June 18, 2010.

4. Debtor originally filed her Chapter 13 case pro se but retained Linda Tirelli to represent her shortly after the case was filed.

5. During Debtor's Chapter 13 bankruptcy case, a dispute arose regarding the validity of the loan documents attached to the proofs of claim by Wells Fargo. Specifically, Wells Fargo's original proof of claim did not include a promissory note indorsed to the claimant or chain of title establish Wells Fargo's right to enforce the note. Wells Fargo then filed an amended proof of claim with a new indorsement in blank from an entity not related or connected to Wells Fargo. Thus, Debtor's bankruptcy counsel filed an objection to Wells Fargo's amended claim and spent six years prosecuting the claim objection.

6. On September 15, 2016, Tirelli filed an application for compensation relating to her work in Debtor's bankruptcy case. On December 19, 2016, the Court entered an order granting Tirelli $140,077.50 in attorneys' fees and $5,496.53 in expenses. Chapter 13 Docket No. 137.

7. Debtor's bankruptcy counsel filed Adversary Proceeding No. 16-8246 on October 5, 2016, which sought to determine the validity of Wells Fargo's lien against Debtor's property.

8. At that point, Debtor's bankruptcy counsel requested Applicant's assistance with the adversary proceeding because Applicant has significant experience litigating similar issues to the issues presented in the adversary proceeding and because some of Debtor's claims against Wells Fargo involved Texas law.

9. Applicant was retained by Debtor and Debtor's bankruptcy counsel by agreement dated December 7, 2016. Applicant filed a formal notice of appearance on January 20, 2017.

**Description of Services Provided**

10. After being retained by Debtor, Applicant reviewed the original complaint, the pleadings relating to Wells Fargo's proofs of claim, hearing and deposition transcripts, and other documents. Applicant then prepared and filed a detailed amended complaint that added several new factual allegations and several additional causes of action, including fraud, negligence/gross negligence, violations of the FDCPA, violations of the FCRA, and a request for sanctions pursuant to 11 U.S.C. § 105. *See* AP Docket No. 7.

11. Wells Fargo filed a motion to dismiss Debtor's amended complaint on February 10, 2017. *See* AP Docket No. 12. Applicant then prepared and filed a detailed and thorough response to Wells Fargo's motion to dismiss on May 26, 2017. *See* AP Docket No. 19.

12. Wells Fargo also filed a motion to withdraw the reference and memorandum in support on February 21, 2017. *See* AP Docket Nos. 13 and 14. Applicant filed a thorough response to Wells Fargo's motion to withdraw the reference in the United States District Court of the Southern District of New York on March 31, 2017. *See* District Docket No. 8. Wells Fargo filed a reply on April 14, 2017, and Debtor filed a sur-reply on April 28, 2017. *See* District Docket Nos. 9 and 12.

13. On June 5, 2017, the Court held a hearing on Wells Fargo's motion to dismiss. Applicant prepared for, attended, and argued at the motion to dismiss hearing. The Court largely denied Wells Fargo's motion to dismiss, only dismissing Debtor's FDCPA claim and

allowing Plaintiff to file an amended complaint to correct Debtor's FCRA, fraud, and negligence claims. *See* AP Docket No. 25.

14. Applicant then prepared and filed a motion for leave to amend Debtor's complaint, attaching a second amended complaint on July 5, 2017. *See* AP Docket No. 26.

15. After filing the amended complaint, Wells Fargo served Debtor with requests for production and interrogatories on July 18, 2017. Applicant then conducted several lengthy telephone conferences with Debtor regarding Debtor's production and responses to Wells Fargo's discovery requests. Applicant then served Debtor's discovery responses and document production on Wells Fargo on August 22, 2017.

16. Wells Fargo also served Debtor with a deposition notice. Applicant spent a significant amount of time preparing for Debtor's deposition and Mr. Bartholow of K&B travelled to New York to defend the deposition in person. Applicant then attended the seven-and-a-half-hour deposition that was held on September 14, 2017.

17. Applicant also spent a significant amount of time preparing Debtor's discovery requests to Wells Fargo, which were served on September 26, 2017.

18. Shortly thereafter, the parties reached an agreement to mediate this case. Applicant then worked to select a mediator, participated in pre-mediation communications with the agreed-upon mediator, and prepared an extremely detailed mediation statement and a response to Wells Fargo's mediation statement. Applicant also spent a significant time preparing for mediation by gathering documents supporting Debtor's claims and damages calculations and researching issues in dispute. Applicant also attended the twelve-hour mediation in person.

19. While the parties did not resolve their dispute at the mediation, Applicant continued working with the mediator and Wells Fargo's counsel and the Parties were eventually able to reach an agreement to resolve their dispute. Applicant has subsequently worked with Debtor and Defendants' counsel to negotiate and finalize the settlement agreement in this case.

**Determination of Reasonable Fees and Costs**

| K&B HOURS EXPENDED DURING APPLICATION PERIOD – ADVERSARY | | | | |
|---|---|---|---|---|
| Timekeeper | Hours (in 1/10 Increments) | Rate | Total | |
| Theodore O. Bartholow (TOB) | 238.0 | $500.00 | $119,000.00 | |
| Karen L. Kellett (KLK) | 3.8 | $500.00 | $1,900.00 | |
| Caitlyn N. Wells (CNW) | 168.0 | $350.00 | $58,800.00 | |
| Megan F. Clontz (MFC) | 1.7 | $250.00 | $425.00 | |
| Myra Ali (MA) | 3.0 | $100.00 | $300.00 | |
| Todd Cohen (TGC) | 0.2 | $100.00 | $20.00 | |
| Beverly Geise (BDG) | 1.0 | $100.00 | $100.00 | |
| Randi Daun (RD) | 16.4 | $100.00 | $1,640.00 | |
| Megan Parry (MP) | 2.0 | $100.00 | $200.00 | |
| | | | Total Billed and Charged | Adjusted Total compensation and reimbursement requested |
| | | K&B Total Fees | $182,385.00 | $112,724.78 |
| | | K&B Expenses[1]: | $9337.62 | $8820.81 |
| | | K&B Totals: | $191,722.62 | $121,545.59 |

| TIRELLI HOURS EXPENDED DURING APPLICATION PERIOD – ADVERSARY | | | | |
|---|---|---|---|---|
| Timekeeper | Hours (in 1/10 Increments) | Rate | Total | Adjusted |
| Linda Tirelli (LT) | 206 | 375.00 | $77,250.00 | |
| Jenna Giorgi (JG) | 9 | 200 | $1800.00 | |

---

[1] See Exhibit C, Kellett & Bartholow PLLC excerpt of business records for recoverable expenses in this case.

| | | | | |
|---|---|---|---|---|
| Brittany Odze | 12 | 200 | $2400.00 | |
| | | | **Total Billed and Charged** | **Adjusted Total compensation and reimbursement requested** |
| | | **T&W Totals:** | $81,450.00 | $50,644.47 |
| **Total Fees and Expenses Requested in this Application :** | | | $263,835.00 | $163,369.25 |

| | | |
|---|---|---|
| **AMOUNT OF PREVIOUS FEE AWARDS** | | |
| | **Fees** | **Expenses** |
| **Prior Fees & Expenses Awarded to T&W:** | $142,877.50 | $5,496.53 |
| **Prior Fees & Expenses Awarded to K&B:** | $0.00 | $0.00 |

| | |
|---|---|
| **Total Tirelli Fees Requested (includes $142,877.50 previously allowed) = $193,521.97** | |
| **Total K& B Fees Requested:** | **$112,724.78** |
| **COMBINED ATTYS' FEES REQUESTED IN THIS APPLICATION : $163,369.25** | |
| **Total K&B Expenses Requested:** | **$8820.81** |
| **Total Tirelli Expenses Requested (includes $5496.53 previously allowed) = $5496.53** | |
| **TOTAL FEES AND EXPENSES REQUESTED:** | **$320,564.09** |
| **SOURCE OF COMPENSATION:** | |
| **Wells Fargo Settlement:** | **$175,000.00** |
| **Trustee Funds on Hand After Payment of IRS Secured Claim:** | **$77,764.09** |
| **Direct from Debtor:** | **$65,000.09** |
| **Additional Discount:** | **($2,800.00)** |
| **Total:** | **317,764.09** |

20. As set forth above, Applicant seeks $317,764.09 in compensation and expense reimbursement with respect to its work in connection with the Adversary Proceeding during the Application Period. Applicant exercised appropriate billing judgment in reducing expenses and eliminating non-billable and excessive time, as shown by the figures above, which represents a reduction of almost 38% from Applicant's gross Lodestar and gross expenses prior to exercise of billing judgment.

21. The traditional starting point for determining an attorneys' fee award is the lodestar amount, which results in a presumptively reasonable fee. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551-552 (2010). The lodestar amount is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended on the litigation. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. Of Albany*, 552 F.3d 182, 186 (citing *Lindy Bros. Builders, Inc. of Phila. v. Am. Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973)). Because the lodestar is presumptively reasonable, it should be modified only in exceptional cases. *Perdue,* 559 U.S. 542, 554; *Watkins v. Fordice,* 7 F.3d 453, 457 (5th Cir. 1993) (citing *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992)).

22. Despite *Perdue*, the Second Circuit has stated that the court must also consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974) in determining a reasonable fee. *See, e.g., Underdog Trucking, L.L.C. v. Verizon Services Corp.*, 276 F.R.D. 105, 109 (S.D.N.Y. 2011). As noted in *Perdue*, "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fees." *See id.* at 553. Three of the *Johnson* factors, 2 - complexity of the issues, 8 - results obtained, and 4 - preclusion of other employment, are presumably fully reflected and subsumed in the lodestar amount. *Heidtman v. County of El Paso,* 171 F.3d 1038, 1043 (5th Cir. 1999) (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565 (1986); *Shipes,* 987 F.2d at 319–22 & n. 9). Moreover, after *Johnson* was decided, the "Supreme Court has barred any use of the sixth factor," whether the fee is fixed or contingent. *Walker v. U.S. Dep't of Housing & Urban Dev.,* 99 F.3d 761, 772 (5th Cir.1996) (citing *City of Burlington,* 505 U.S. at 567; *Shipes,* 987 F.2d at 323). The Supreme Court has also noted that "the quality of an attorney's

performance generally should not be used to adjust the lodestar because considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate." *Perdue*, 559 U.S. at 553. Thus, it would seem that the lodestar also subsumes factors 3 and 9.

23. Applicant asserts that the hourly rates and time spent, as reflected in the attached **Exhibit A**, reflect the reasonable attorney's fees for Applicant.

24. Although most of the *Johnson* factors are subsumed by the lodestar, Applicant provides the following information with respect to the factors set out in *Johnson*:

<u>Time and Labor Required</u>

The time and labor required have been discussed at some length in this Application and are reflected in Applicant's billing records. *See* **Exhibit A**. The time spent in this case was reasonable in light of the considerable services performed.

<u>Novelty and Difficulty of Work</u>

Although the overall issues presented in this case are not particularly novel, the complexity of the issues in this case did increase the difficulty of the work in this case.

<u>Skill Required</u>

Applicant is reputable, possesses ability adequate to perform the tasks outlined in this Application, and has worked on numerous cases involving disputes with mortgage servicers' alleged violations of Fed. R. Bankr. P. 3002.1 and of various other bankruptcy and consumer protection laws. Applicant possesses specialized skills in litigation in bankruptcy court and other applicable skills to the tasks performed necessary to merit the award of the requested fees. At the time of Applicant's employment as Debtors' attorney in these matters, and since that time, Applicant has spent 95% or more of his professional time involved in consumer bankruptcy and consumer litigation matters in the Federal District and Bankruptcy Courts for the Northern, Southern, and Eastern Districts of Texas. Applicant's good reputation is evidenced by the fact that Applicant routinely speaks at local, regional, and national conferences specifically regarding litigation of

contested matters and adversary proceedings in bankruptcy court, as well as mortgage litigation both within and outside of bankruptcy court. *See also* **Exhibit B, Applicant's Resumes/CVs.**

Preclusion of Other Employment

This case has not materially impacted Applicant's ability to accept other cases.

Customary Fees

The total fees requested represent the use of a "lodestar" computation. The billing rates for Applicant's attorney time are similar to the rates of local attorneys with similar experience and specialized knowledge regarding the subject matter involved. Whenever possible during the Application Period, Applicant sought to avoid duplication of effort.

Whether the Fees are Fixed or Contingent and Fees Awarded in Similar Cases

This factor is not relevant in this case.

Time Limitations and Other Factors

Applicant's representation of Debtor in this case, at times, involved time constraints in that it was necessary to prepare and file detailed pleadings and responses to pleadings in order to appropriately prosecute the Debtors' claims against Defendants. However, this case did not create any extraordinary time limitations for Applicant.

Results Obtained

Applicant has achieved an excellent result for Debtor in this case. The terms of the settlement negotiated by Applicant provide that Wells Fargo will release the lien against Debtor's homestead property and pay Debtor $175,000. Moreover, the parties have agreed that Defendants' proof of claim filed in Debtor's bankruptcy case will be disallowed.

Experience, Reputation, and Ability of Attorneys

Applicant is reputable, possesses ability adequate to perform the tasks outlined in this Application, and has worked on numerous bankruptcies and adversary proceedings. Applicant's partners and associates have over 40 years of collective experience in consumer bankruptcy and related litigation matters.

Partner Theodore O. Bartholow, III is extremely experienced in bankruptcy and consumer litigation, including individual and class actions. He is also successfully litigated several cases that have resulted in significant published opinions, and is a frequent speaker at local, regional, and national continuing legal education conferences on consumer litigation issues.

Associate Attorney Caitlyn Wells has experience in consumer litigation matters. The rate charged by Ms. Wells in this case is also in line with attorneys of comparable skill, reputation, and experience in this area.

Undesirability of the Case

Representation of the Debtors in this case is not uniquely desirable or undesirable. However, the representation of any debtor typically involves some risk of nonpayment which could result in the undesirability of such representation as against other types of representation in other matters.

Nature, Length and Professional Relationship with Client.

Prior to being retained to assist Debtor with her dispute with Defendants, Applicant had no professional relationship with the Debtor.

Awards in Similar Cases

The hourly rates sought by Applicant herein are consistent with rates deemed reasonable in cases involving similar issues.

WHEREFORE, PREMISES CONSIDERED, Applicant respectfully requests that the Court enter an Order:

(i)     Approving compensation for Debtor's counsel in the total amount of $ **317,764.09**

(ii)     Granting all such other and further relief as the Court deems just.

Respectfully submitted,

KELLETT & BARTHOLOW PLLC

*/s/ Theodore O. Bartholow, III ("Thad")*
Theodore O. Bartholow, III ("Thad")

State Bar No. 4306320
11300 N. Central Expressway, Suite 301
Dallas, Texas 75243
Telephone: (214) 696-9000
Facsimile: (214) 696-9001
thad@kblawtx.com

*/s/ Linda M. Tirelli*
Linda M. Tirelli, Esq.
Tirelli & Wallshein, LLP
50 Main Street, Suite 405
White Plains NY 10606
Phone: (914) 732-3222
Fax: (914) 517-2696
LTirelli@TW-LawGroup.com

**ATTORNEYS FOR DEBTOR PLAINTIFF**