**United States Bankruptcy Court**
**Southern District of New York**
**White Plains Division**

In re    Cynthia Carssow Franklin                             Case No. 10-20010-rdd
                                                              Chapter      13

**DISCLOSURE OF COMPENSATION OF ATTORNEYS FOR DEBTORS**

1. This disclosure is made specifically with respect to *Cynthia Carssow Franklin v. Wells Fargo Bank, N.A., et al* Adversary Proceeding No. 16-8246, pending in the United States Bankruptcy Court for the Southern District of New York, White Plains Division (the "Adversary Proceeding"). Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), we certify that we are attorneys for the above-mentioned debtor(s) with respect to the Adversary Proceeding and that the compensation paid to us within one year before the filing of the petition in bankruptcy, or agreed to be paid to us, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the Adversary Proceeding is as follows:

    For legal services for the Adversary Proceeding. . . . . . . . . . $ See Below

    Prior to the filing of this statement, with respect to the
    Adversary Proceeding, we have received . . . . . . . . . . . . . . . $ 0.00

    Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ See Below

2. Filing Fee:  Not Applicable.

3. The source of compensation paid to us for the Adversary Proceeding was:  Not Applicable

4. The source of compensation to be paid to us for the Adversary Proceeding is:

    Other (specify) – See attached.  The Debtors request in their Adversary Proceeding that the Court award the Debtors their attorneys' fees as set forth in the agreement.  All fees are subject to Court approval.

5. Counsel has not agreed to share the above-disclosed compensation with a person or persons who are not members or associates of their law firms.  With respect to the two law firms serving as counsel to Ms. Franklin, both firms are fully responsible for the Adversary Proceeding.  See attached.

In re     Cynthia Carssow Franklin     Case No. 10-20010-rdd
                                       Chapter     13

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTORS
(Continuation Sheet)

6. In return for the above-disclosed fee, we have agreed to render legal services to Ms. Franklin with respect to their claims in the Adversary Proceeding.

7. By agreement with Ms. Franklin, the above-disclosed fee does not include any other services beyond those to be performed in the Adversary Proceeding.

## CERTIFICATION

We certify that the foregoing is a complete statement of any agreement or arrangement for payment to us for representation of Ms. Franklin in the Adversary Proceeding.

Dated:     September 4, 2018

KELLETT & BARTHOLOW PLLC

By: */s/ Theodore O. Bartholow, III ("Thad")*
Theodore O. Bartholow, III ("Thad")
State Bar No. 4306320
11300 N. Central Expressway
Suite 301
Dallas, TX 75243
Tel.: (214) 696-9000
Fax: (214) 696-9001
thad@kblawtx.com

Linda M. Tirelli, Esq.
Tirelli & Wallshein, LLP
50 Main Street, Suite 405
White Plains NY 10606
Phone: (914) 732-3222
Fax: (914) 517-2696
LTirelli@TW-LawGroup.com

**Attorneys for Cynthia Carssow Franklin**

# CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of the foregoing has been served on the parties listed below on the date set forth above by First Class, United States mail, postage pre-paid on September 4, 2018.

                        */s/ Theodore O. Bartholow, III ("Thad")*
                        Theodore O. Bartholow, III ("Thad")

U.S. Trustee
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

# KELLETT & BARTHOLOW PLLC

This letter agreement shall serve as the co-counseling agreement between Kellett & Bartholow PLLC and Garvey Tirelli & Cushner, Ltd. relating to the representation of Cynthia Franklin ("Client") in Client's dispute with Wells Fargo and Freddie Mac, and any of its predecessors, assigns, and/or successors in interest and/or any of its parent companies, subsidiaries, officers, directors and/or affiliates, and any other related and appropriate defendants, (collectively, "Defendants"), regarding Defendants' filing of a proof of claim in Plaintiff's bankruptcy and litigation relating thereto. Garvey Tirelli & Cushner, Ltd. will be the lead attorneys on behalf of Client.

Both of our firms will share equally in the preparation and presentation of this case, but we have agreed that Garvey Tirelli & Cushner, Ltd. will serve as lead counsel in this litigation. Both of our firms agree that we will consult with each other prior to taking any strategic actions and that we will regularly confer with each other in the planning and direction of the case.

Each of our firms will keep the other advised at all times as to the status of the work performed by, or on behalf of, either of us. Garvey Tirelli & Cushner, Ltd. will be responsible for advising Client on the progress of the case. KB will communicate with Client as needed. Of course, each firm will preserve all Client confidences.

Given the nature of the claims to be brought against Defendant(s) in this matter and the availability of fee-shifting statutes, it is expected that we will attempt to obtain an order of the Court requiring Defendant(s) to pay litigation expenses and attorneys fees distributed on a lodestar basis calculated using hours worked times hourly rate, as the relevant base, plus any multiplier awarded by the Court. Similarly, if the case is settled, we will attempt to have the Defendant(s) to pay such fees and expenses.

In recognition of the sharing of responsibility in representing the Client, while dividing the labor between us, Garvey Tirelli & Cushner, Ltd. and KB have agreed that, unless otherwise ordered by the Court, any lump sum amount provided for attorneys' fees as part of a court award or settlement will be divided between us as follows: First, expenses will be paid on a *pro rata* basis determined fairly by our relative contributions to the expenses of litigation. Second, fees will be to be paid on a *pro rata* basis determined fairly by our relative contributions to the litigation.

In the event that the amount of the attorneys' fees and expenses are disputed by Defendant(s), or any other third party, we will each submit our respective fee applications to the Court. We will maintain contemporaneous time records and other documentation of our work so as to properly support a fee application. We will at all times endeavor to ensure that there is no duplication of the work performed. We will review each other's fee applications prior to filing with the Court.

Each firm will maintain appropriate records of all costs and will periodically notify the other firm

11300 NORTH CENTRAL EXPRESSWAY, SUITE 301 • DALLAS, TEXAS • 75243
PHONE: 214-696-9000 • FAX: 214-696-9001

Garvey Tirelli & Cushner, Ltd.
7 December 2016

of the expenses incurred. No experts will be retained and no substantial costs will be incurred without the mutual agreement of KB and Garvey Tirelli & Cushner, Ltd. Either firm's advances of expenses will be repaid at ten percent (10%) interest per annum, and such expenses, with interest, will be paid *pro rata* prior to the payment of fees as set forth above.

Both of our firms will be responsible for publicizing this case and the public interest issues it addresses. Both of our firms will cooperate fully with all publicity and public education efforts and may publicize this case through their own publications and organizational memberships. Both of our firms must approve all press releases and press conferences, in advance. In all written and oral communications with the press about the case, each firm will mention the other's involvement in the case and *vice versa*.

We reserve the right to terminate this agreement and to seek withdrawal of representation of Client if Client does not honor the terms reached herein or for any just reason as permitted or required by the Texas Rules and Code of Professional Conduct, the New York Rules of Professional Conduct, or as permitted by rule of court. We will provide Garvey Tirelli & Cushner, Ltd. with advance notice of any decision to seek withdrawal prior to any filing a motion to withdraw with the Court. KB also retains the right to seek reimbursement of attorneys' fees or expenses from any court award or settlement for all work performed prior to the termination of the agreement or withdrawal. Of course, Client and Garvey Tirelli & Cushner, Ltd. shall also have the right to terminate this agreement in the event that KB fails to honor the terms of this agreement or for any just reason as permitted or required by the Texas Rules and Code of Professional Conduct, the New York Rules of Professional Conduct, or as permitted by rule of court. You will provide KB with advance notice of any decision to seek withdrawal prior to any filing with the Court.

If it is subsequently decided by both us and you that additional counsel should be brought into the case to assist in the representation of Client, this agreement will be revised to reflect any new arrangements that are negotiated. In no event will additional counsel perform any work in connection with this case prior to the entry of a written, signed co-counsel agreement with such additional counsel.

Finally, both firms understand that Client must sign a joint retention and representation agreement with us prior to proceeding with the representation of their interests in this action. In the event that Client receives a negative decision on his claims, KB will review again the legal claims to determine whether to provide legal representation in an appeal of the decision. Similarly, if a separate legal action becomes necessary as part of the litigation of Client's claims, KB will have the right to determine whether to provide Client with legal representation in the ancillary case or cases.

Garvey Tirelli & Cushner, Ltd.
7 December 2016

    If this letter accurately represents your understanding of our agreement, please execute a copy on the line provided, have Ms. Franklin execute it, and return it to me.

I look forward to working with you on this case.

_____
Garvey Tirelli & Cushner, Ltd.
By: Linda Tirelli
Its: Shareholder

_____
Kellett & Bartholow PLLC
By: Theodore O. Bartholow, III ("Thad")
Its: Shareholder

_____
Cynthia Franklin, Client

3

# KELLETT & BARTHOLOW PLLC

## AGREEMENT FOR EMPLOYMENT AND POWER OF ATTORNEY

THIS IS AN AGREEMENT between KELLETT & BARTHOLOW PLLC and GARVEY TIRELLI & CUSHNER, LTD. (referred to as "Attorney"), and CYNTHIA FRANKLIN (referred to as "Client"), whereby Client retains and employs Attorney to represent Client in prosecuting Client's claim(s), as follows:

### PURPOSE AND SCOPE OF REPRESENTATION:

1.01 Client agrees and contracts with Attorney for the legal services to be provided for and on behalf of Client in the representation of Client. Representation is to include advising, counseling, negotiating, investigating, handling, prosecuting, and/or defending in this matter or matters to final settlement or adjudication. Attorney is hereby authorized and empowered through this Agreement to use and employ such other persons and/or entities that Attorney deems necessary for the proper handling of the matters subject to this Agreement, but shall do so only after obtaining Client's consent to such employment.

1.02 The specific subject matter of this representation is Client's disputes with Wells Fargo and Freddie Mac, and any of such creditors' predecessors, assigns, and/or successors in interest and/or any of their parent companies, subsidiaries, officers, directors, employees and/or affiliates, and any other related and appropriate defendants, (collectively, "Defendants"), regarding Defendants' filing of a proof of claim in Plaintiff's bankruptcy and litigation relating thereto.

### LIMITATION OF SCOPE OF REPRESENTATION

2.01 The scope of the Attorneys' representation of the Client is specifically limited to the matters set forth in paragraph 1.02 of this Agreement. The Client does not request and the Attorneys do not agree to provide any other representation to the Client. Representation in any appeal of the court's decision in the matters set forth in paragraph 1.02 is specifically excluded from the scope of the Attorneys' representation of the Client. The Client and the Attorneys will negotiate a separate fee agreement if the Client desires representation in other matters.

### POWER OF ATTORNEY

3.01 Client hereby gives Attorney Client's power of attorney to execute all documents connected with this representation, including pleadings, contracts, checks and/or drafts, settlement agreements, compromises and/or releases, verifications, dismissals and/or orders, and all other documents which Client could properly execute.

### ATTORNEYS' FEES AND EXPENSES

11300 NORTH CENTRAL EXPRESSWAY, SUITE 301 • DALLAS, TEXAS • 75243
PHONE: 214-696-9000 • FAX: 214-696-9001

Cynthia Franklin
Page 3 of 6

## CLIENT RESPONSIBILITIES

6.01　Client agrees to make a full and honest disclosure to the Attorney of all facts relevant to Client's case, including new facts that may arise during the course of the case. Client will keep the Attorney informed of Client's current address and telephone numbers.

6.02　Client understands that Client has the responsibility to keep the Attorney informed of any significant changes in circumstances, including any changes in financial condition. Client will promptly inform the Attorney if Client should receive any settlement offers, documents or other communications directly from Defendant(s) or any third parties in regards to this matter. Client understands that Attorney, as counsel, is to conduct all communication on Client's behalf with regard to this matter. Client agrees that Client will immediately terminate any communication Client might receive from Defendant(s)'s attorneys.

6.03　Client understands that Client may have to appear in court, produce documents, attend depositions, and attend arbitration or mediation. Client will assist, and cooperate with the Attorney to the fullest extent possible in Attorney's representation of Client's interests in this matter.

6.04　Client further understands that it may be necessary for Client to appear in court and/or sign affidavits indicating Client's express approval of Attorney's fees and Costs incurred in connection with this matter. Client agrees to appear in court and affidavits to make any court appearances and to execute any affidavits that may be necessary to obtain court approval of Attorney's fees and Cost in this matter.

## FAVORABLE OUTCOME NOT GUARANTEED

7.01　CLIENT UNDERSTANDS THAT ATTORNEY HAS MADE NO REPRESENTATION CONCERNING THE SUCCESSFUL TERMINATION OF THE CLAIM OR CLAIMS RELATING TO THE MATTER IN CONTROVERSY OR THE FAVORABLE OUTCOME OF ANY LEGAL ACTION THAT IS OR WILL BE FILED, AND HAS NOT GUARANTEED THAT ATTORNEY WILL OBTAIN REIMBURSEMENT TO CLIENT OF ANY OF THE FEES, COSTS, AND/OR EXPENSES INCURRED BY CLIENT IN THE PROSECUTION OF DEFENSE OF SAID CLAIM OR CLAIMS. CLIENT FURTHER EXPRESSLY ACKNOWLEDGES THAT ALL STATEMENTS BY ATTORNEY ON THESE MATTERS ARE STATEMENTS OF OPINION ONLY.

## TERMINATION

8.01　Client understands that it is free at any time to discharge Attorney from representing it by written letter. However, if Client chooses to discharge Attorney, Attorney is under no

Cynthia Franklin
Page 2 of 6

    4.01    Attorneys' time will be billed at the rates between $250 per hour to $500 per hour. Law clerks' and legal assistants' time will be billed at rates between $75 and $200 per hour. The time expended by the attorneys will be recorded and billed to Client in minimum tenths of an hour increments.

    4.02    The hourly rates set forth in this Agreement may be adjusted from time to time to the Attorneys' hourly rates currently in effect.

    4.03    In addition, Attorney may retain additional personnel, and such personnel will bill at hourly rates set forth above.

    4.04    The recordation of time by Attorney shall apply to legal research, drafting of pleadings, conferences, telephone conversations, preparation of discovery, investigation of facts, preparation for and appearances in court, and other tasks necessary to adequately handle the matter in controversy.

    4.05    Court costs, deposition costs, duplication costs, telecopier fees, filing fees, runner and travel expenses, long-distance telephone expenses, accountant's fees, mediation costs, appraiser's fees and costs, consultant's fees and costs and other professional fees and costs incurred on Client's behalf (including specialized or local legal counsel), and other disbursements will be paid directly by Client or, when advanced by Attorney, will be borne by and paid for by Client.

    4.06    Client agrees that the fees and charges set out above shall be deducted from any settlement or award to Client, if still outstanding.

    4.07    Attorneys will attempt to obtain payment of their fees and expenses from Defendants. However, at all times, Client remains responsible for payment of the fees and expenses. Because Client is in a Chapter 13 bankruptcy proceeding, all attorneys' fees and expenses must be approved by the Bankruptcy Court before payment by the Trustee and/or Client.

    4.08    Client authorizes Attorney to take Attorney's fees either in cash or in structured payments as Attorney deems appropriate.

APPROVAL NECESSARY FOR SETTLEMENT

    5.01    No settlement of any nature shall be made for any of Client's claims without the complete approval of Client. Client understands that Attorney may be required by law to first obtain the Bankruptcy Court's approval of any settlement agreement, including Bankruptcy Court approval of the portion of any settlement proceeds that may be used to satisfy Attorney's fees and costs incurred in representing Client in this matter

obligation to find a replacement or to continue representation of Client. Client understands that discharging Attorney does not relieve Client of Client's obligation to pay Attorney's fees and expenses incurred prior to discharge, subject to any necessary court approval.

8.02   Client agrees that Attorney may, subject to their ethical obligations and any required court approval, seek to terminate its involvement in Client's case:

a) If, after full investigation of the facts and research of the law, Attorney decided that the claim should not be pursued further, Attorney may return the file to the Client. In such an event, the Client releases Attorney from further action on the claims, and discharges Attorney from this contract, without further liability on the part of Attorney to Client.

b) If (i) the facts of Client's case are found to be materially and significantly different than Client has stated them, (ii) Client unreasonably fails to cooperate in the matter or follow our advice on a material matter, or (iii) if any facts are circumstances would, in our view, render our continuing representation unlawful, unethical or impractical. If Attorney terminates its involvement in Client's case under any of the circumstances set forth in this paragraph 8.02(b), Client agrees that Attorney will retain Attorney's right to recover Attorney's costs and the market value of Attorneys' legal services from Client. If we elect to terminate this Agreement under this paragraph 8.02(b), you will take all steps necessary to free us of any obligation to perform further, including the execution of any documents necessary to complete our withdrawal. Termination of our engagement under this paragraph 8.02(b) in no way affects your obligation to pay fees and expenses incurred pursuant to the terms of this Agreement.

## TEXAS LAW TO APPLY

9.01   This Agreement shall be construed in accordance with the laws of the State of Texas. All obligations of the parties are performable in Dallas County, Texas.

## LEGAL CONSTRUCTION

10.01   If any one or more of the provisions contained in this Fee Agreement shall be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision, and this Fee Agreement shall be construed as if such invalid, illegal, or unenforceable provision did not exist.

### PRIOR AGREEMENT SUPERCEDED

11.01  This Agreement constitutes the only agreement between the parties. It specifically supersedes any prior understandings or written or oral agreements between the Client and the Attorney in connection with the Grievance.

### ENTIRE AGREEMENT OF THE PARTIES

12.01  This contract embodies the entire agreement of the parties with respect to the matters in this Agreement, and it is agreed that this contract may not be modified or revoked unless by written agreement signed by both parties, with a copy being attached and made a part of this Agreement.. FURTHER, CLIENT ACKNOWLEDGES THAT IN ADDITION TO CLIENT HAVING READ THIS AGREEMENT IN ITS ENTIRETY, THE UNDERSIGNED ATTORNEY HAS ANSWERED ANY QUESTIONS CONCERNING THE AGREEMENT RAISED BY CLIENT AND CLIENT UNDERSTANDS THE AGREEMENT AND CONSIDERS IT TO BE FAIR AND REASONABLE.

### NOTICE TO CLIENTS

Texas law requires that all attorneys provide their clients with the following notice about the existence of the attorney grievance process: "The State Bar of Texas investigates and prosecutes professional misconduct committed by Texas attorneys. Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar's Office of Chief Disciplinary Counsel will provide you with information about how to file a complaint. Please call 1-800-932-1900 toll-free for more information."

THIS CONTRACT IS SIGNED as of December 7, 2016.

CLIENT:    _____
           Cynthia Franklin

ATTORNEY:  _____
           KELLETT & BARTHOLOW PLLC
           By: Theodore O. Bartholow, III

           _____
           Linda Tirelli, Esq.
           Garvey Tirelli & Cushner Ltd